556 So.2d 1170 (1990)
Howard Duncan BRIDGES, Mahi Temple South Florida Fair Association, Inc., Appellants,
v.
Ruth NEWTON, Appellee.
Nos. 89-1193, 89-2232.
District Court of Appeal of Florida, Third District.
January 30, 1990.
Rehearing Denied March 13, 1990.
*1171 Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellants.
Kelner & Kelner and Milton Kelner, Miami, for appellee.
Before COPE, LEVY and GODERICH, JJ.
COPE, Judge.
Howard Duncan Bridges and Mahi Temple South Florida Fair Association, Inc. (collectively "Bridges"), who were defendants below, appeal a final judgment entered on jury verdict in a personal injury action, and a final judgment awarding attorney's fees and costs pursuant to section 768.79, Florida Statutes (1987). We affirm in part and reverse in part.
While the question is an extremely close one, we concur with the trial court that Bridges' response to plaintiff Newton's demand for judgment constituted a counteroffer and that the negotiations subsequent to the counteroffer did not result in a meeting of the minds. The case properly proceeded to trial, and we affirm the final judgment on jury verdict.
We reverse, however, the final judgment for attorney's fees and costs. The record plainly indicates that Newton authorized the $250,000 demand for judgment based on her belief, and that of her counsel, that the demand would not be accepted. When Bridges did accept (subject to certain additional conditions), Newton instructed counsel to extricate her from the agreement, her sole objection being that the $250,000 amount was inadequate. Because of the negotiation over the additional conditions, a final agreement had not been reached and Newton was able to reject what we have determined was a counteroffer. Those additional terms, however, had an insubstantial impact on the $250,000 amount. Since it is undisputed that Newton curtailed the section 768.79 process because she believed her own $250,000 demand for judgment was inadequate, the demand was plainly made in bad faith and no post-demand attorney's fees should have been awarded.[*]
Newton contends that the bad faith exception created by paragraph 768.79(2)(a) applies only to offers of judgment, not demands for judgment. We reject that interpretation. The statute provides, in part, "If a party is entitled to costs and fees pursuant to the provisions of subsection (1), the court may, in its discretion, determine that an offer of judgment was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees." Id. (emphasis added). As the initial phrase makes clear, the bad faith exception applies to any party "entitled to costs and fees pursuant to ... subsection (1)," id., and subsection (1) covers both offers of judgment and demands for judgment. In order to avoid an internal inconsistency within paragraph 768.79(2)(a), we conclude that the bad faith exception applies, as the language indicates, to any party entitled to claim an award of attorney's fees and costs pursuant to subsection (1), and that the "offer of judgment" phraseology employed in paragraph (2)(a) is a shorthand reference which includes both offers of, and demands for, judgment.
Even if that were not so, paragraph 768.79(2)(b) also applies in determining "the reasonableness of an award of attorney's fees pursuant to this section... ." Among the factors expressly to be considered is the "number and nature of offers made by the parties." It is amply demonstrated that the nature of the demand for judgment made by Newton was one never intended to be accepted, but only intended to lay the predicate for a claim for attorney's fees. There is no doubt on this record that, had Newton proceeded in good faith, her counsel would have concluded an agreement with Bridges within a matter of days after the initial demand for judgment was made. It would be entirely unreasonable *1172 to reward that behavior with an award of post-demand attorney's fees. The final judgment for attorney's fees is therefore reversed, and the cost judgment is affirmed.
Affirmed in part, reversed in part.
NOTES
[*] Although paragraph 768.79(2)(a) also permits the court to disallow an award of costs (as well as attorney's fees) where there has been bad faith, the plaintiff here would be entitled to costs in any event by virtue of prevailing at trial.