663 So.2d 606 (1995)
TGI FRIDAY's, INC., etc., Petitioner/Cross-Respondent,
v.
Marie DVORAK, Respondent/Cross-Petitioner.
No. 83811.
Supreme Court of Florida.
August 24, 1995.
Rehearing Denied November 27, 1995.
John B. Marion, IV of Sellars, Supran, Cole & Marion, P.A., West Palm Beach; and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for petitioner/cross-respondent.
Dan Cytryn of the Law Offices of Dan Cytryn, P.A., Tamarac, for respondent/cross-petitioner.
Jack W. Shaw, Jr. of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, Jacksonville, amicus curiae for Florida Defense Lawyers Association.
OVERTON, Justice.
We have for review Dvorak v. TGI Friday's, Inc., 639 So.2d 58 (Fla. 4th DCA 1994), in which the district court approved the constitutionality of the offer of judgment statute, section 768.79, Florida Statutes (1987), and held that the statute expressly provides for the award of attorney's fees regardless of the reasonableness of an offeree's rejection of an offer of judgment. The *607 district court also certified conflict with Bridges v. Newton, 556 So.2d 1170 (Fla. 3d DCA 1990). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed in this opinion, we approve the decision of the district court.
At the outset, it is important to understand that this case concerns two statutes and one rule of civil procedure, all of which employ different language governing offers of judgment: sections 45.061 and 768.79, Florida Statutes (1987), and Florida Rule of Civil Procedure 1.442 (1990). Section 45.061 reads as follows:
(1) At any time more than 60 days after the service of a summons and complaint on a party but not less than 60 days (or 45 days if it is a counteroffer) before trial, any party may serve upon an adverse party a written offer, which offer shall not be filed with the court and shall be denominated as an offer under this section, to settle a claim for the money, property, or relief specified in the offer and to enter into a stipulation dismissing the claim or to allow judgment to be entered accordingly. The offer shall remain open for 45 days unless withdrawn sooner by a writing served on the offeree prior to acceptance by the offeree. An offer that is neither withdrawn nor accepted within 45 days shall be deemed rejected. The fact that an offer is made but not accepted does not preclude the making of a subsequent offer. Evidence of an offer is not admissible except in proceedings to enforce a settlement or to determine sanctions under this section.
(2) If, upon a motion by the offeror within 30 days after the entry of judgment, the court determines that an offer was rejected unreasonably, resulting in unnecessary delay and needless increase in the cost of litigation, it may impose an appropriate sanction upon the offeree. In making this determination the court shall consider all of the relevant circumstances at the time of the rejection, including:
(a) Whether, upon specific request by the offeree, the offeror had unreasonably refused to furnish information which was necessary to evaluate the reasonableness of the offer.
(b) Whether the suit was in the nature of a "test-case," presenting questions of far-reaching importance affecting nonparties.
An offer shall be presumed to have been unreasonably rejected by a defendant if the judgment entered is at least 25 percent greater than the offer rejected, and an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected. For the purposes of this section, the amount of the judgment shall be the total amount of money damages awarded plus the amount of costs and expenses reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer for which recovery is provided by operation of other provisions of Florida law.
(3) In determining the amount of any sanction to be imposed under this section, the court shall award:
(a) The amount of the parties' costs and expenses, including reasonable attorneys' fees, investigative expenses, expert witness fees, and other expenses which relate to the preparation for trial, incurred after the making of the offer of settlement; and
(b) The statutory rate of interest that could have been earned at the prevailing statutory rate on the amount that a claimant offered to accept to the extent that the interest is not otherwise included in the judgment.
The amount of any sanction imposed under this section against a plaintiff shall be set off against any award to the plaintiff, and if such sanction is in an amount in excess of the award to the plaintiff, judgment shall be entered in favor of the defendant and against the plaintiff in the amount of the excess.
(4) This section shall not apply to any class action or shareholder derivative suit or to matters relating to dissolution of marriage, alimony, nonsupport, eminent domain, or child custody.
(5) Sanctions authorized under this section may be imposed notwithstanding any limitation on recovery of costs or expenses which may be provided by contract or in *608 other provisions of Florida law. This section shall not be construed to waive the limits of sovereign immunity set forth in s. 768.28.
(Emphasis added.)
Section 768.79 reads as follows:
(1)(a) In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
(b) Any offer or demand for judgment made pursuant to this section shall not be made until 60 days after filing of the suit, and may not be accepted later than 10 days before the date of trial.
(2)(a) If a party is entitled to costs and fees pursuant to the provisions of subsection (1), the court may, in its discretion, determine that an offer of judgment was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
1. The then apparent merit or lack of merit in the claim that was subject to the offer.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the offeror had unreasonably refused to furnish information necessary to evaluate the reasonableness of the offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the offeror reasonably would be expected to incur if the litigation should be prolonged.
(Emphasis added.)
Florida Rule of Civil Procedure 1.442 reads as follows:
Offer of Judgment
(a) Applicability. This rule applies only to actions for money damages.
(b) Time Requirements. To be effective, an offer of judgment must be served no sooner than 60 days after the offeree has filed its first paper in the action and no later than 60 days prior to trial, except that the offeree may serve a counteroffer within 15 days after service of an offer notwithstanding the time limits of this rule.
(c) Form of Offer.
(1) An offer of judgment may be made by any party or parties.
(2) The offer shall be in writing; shall settle all pending claims; shall state that it is made pursuant to this rule; shall name the party or parties making the offer and the party or parties to whom the offer is made; shall briefly summarize any relevant conditions; shall state the total amount of the offer; and shall include a certificate of service in the form required by Rule 1.080(f).
(d) Counteroffers.
(1) A counteroffer is an offer made by a party with respect to a prior unexpired offer or counteroffer made to that party.
(2) Counteroffers shall conform to all the requirements of offers, except as otherwise specified in this rule.

*609 (e) Service and Filing. The offer of judgment shall be served upon the party or parties to whom it is made but shall not be filed unless accepted or unless necessary to enforce the provisions of this rule.
(f) Acceptance, Failure to Accept and Rejection.
(1) Offers of judgment shall be deemed rejected for purposes of this rule unless accepted by filing both a written acceptance and the written offer with the court within 30 days after service of the offer. Upon proper filing of both the offer and acceptance, the court shall enter judgment thereon.
(2) A counteroffer operates as a rejection of an unexpired offer or unexpired counteroffer.
(3) A rejection of an offer terminates the offer.
(g) Withdrawal. An offeror may withdraw the offer in a writing served on the offeree before a written acceptance is served on the offeror. Once withdrawn in this manner, the offer is void.
(h) Sanctions.
(1) Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and
(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offeree and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer.
(2) In determining entitlement to and the amount of a sanction, the court may consider any relevant factor, including:
(A) the merit of the claim that was the subject of the offer;
(B) the number, nature and quality of offers and counteroffers made by the parties;
(C) the closeness of questions of fact and law at issue;
(D) whether a party unreasonably refused to furnish information necessary to evaluate the reasonableness of an offer;
(E) whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties;
(F) the fact that, at the time the offer was made and rejected, it was unlikely that the rejection would result in unreasonable cost or delay;
(G) the fact that a party seeking sanctions has himself unreasonably rejected an offer or counteroffer on the same issues or engaged in other unreasonable conduct;
(H) the fact that the proceeding in question essentially was equitable in nature;
(I) the lack of good faith underlying the offer; or
(J) the fact that the judgment was grossly disproportionate to the offer.
(3) No sanction under this rule shall be imposed in any class action or shareholder derivative suit, nor in any proceeding involving dissolution of marriage, alimony, nonsupport, child custody or eminent domain.
(i) Evidence of Offer. Evidence of an offer is admissible only in proceedings to enforce an accepted offer or to determine the imposition of sanctions under this rule, and not otherwise.
Fla.R.Civ.P. 1.442 (1990) (emphasis added).
The record in this case reflects that Marie Dvorak brought a lawsuit against TGI Friday's, Inc. for injuries she suffered in a slip and fall incident at a TGI Friday's restaurant in 1987. Prior to trial, Dvorak made three different offers of judgment. The first offer of judgment was based on the authority of section 45.061, the second was based on section 768.79, and the third was based on rule *610 1.442. TGI Friday's rejected all three offers, the case proceeded to trial, and the jury returned a verdict for Dvorak in an amount substantially greater than all of Dvorak's offers of judgment.
After the district court affirmed the judgment, Dvorak filed a motion in the trial court requesting an award of attorney's fees and costs based on TGI Friday's rejection of her offers of judgment. TGI Friday's filed a motion to strike the offers of judgment and a motion to determine Dvorak's entitlement to attorney's fees. The trial judge granted TGI Friday's motion to strike the first two offers on the grounds that sections 45.061 and 768.79 were unconstitutional. The judge explained that this Court had determined that each statute unconstitutionally infringed "upon the Court's exclusive authority to adopt rules for practice and procedure in Courts pursuant to Article V, Section 2(a) of the Florida Constitution," and cited Florida Bar re Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442, 443 (Fla. 1989). The judge also ruled that rule 1.442 provided no authority for the award of attorney's fees to Dvorak because the rule, which was enacted after Dvorak's cause of action accrued, was substantive in nature and could not be applied retroactively. As an alternative basis for the denial of attorney's fees, the trial judge held that Dvorak had failed to demonstrate that TGI Friday's had unreasonably rejected the three offers of judgment.
Dvorak appealed to the Fourth District Court of Appeal. The district court affirmed the trial court's denial of attorney's fees under section 45.061 and Rule of Civil Procedure 1.442, but reversed the trial court on its denial of fees under section 768.79. The district court's opinion sets forth four distinct holdings. First, the district court determined that the trial judge erred in finding that sections 45.061 and 768.79 were unconstitutional. The district court noted that the trial court was without the benefit of this Court's decision in Leapai v. Milton, 595 So.2d 12 (Fla. 1992), when it made its ruling. In Leapai, this Court upheld the constitutionality of section 45.061 and found that the statute did not infringe on the rule-making authority of the Court. Finding no relevant distinction between section 45.061 and section 768.79, the district court ruled that section 768.79 was likewise constitutional.
Second, the district court held that rule 1.442 could be applied to this case despite the fact that Dvorak's cause of action preceded the effective date of the rule. The district court once again relied on this Court's decision in Leapai and our holding that section 45.061 could be retroactively applied to a cause of action so long as the statute was enacted before the offeree's rejection of the offer of judgment. The district court held that the same reasoning should apply to rule 1.442, and found that the rule would apply in this instance because TGI Friday's rejected Dvorak's offer after rule 1.442 became effective.
Third, the district court held that the issue of whether TGI Friday's had unreasonably rejected Dvorak's offer of judgment had no bearing on whether Dvorak was entitled to an award of attorney's fees under section 768.79. The district court held that, unlike section 45.061 and rule 1.442, section 768.79 does not require that an offeree's rejection be unreasonable as a prerequisite to an award of fees. The court stated: "[S]ection 768.79 does not give the trial court discretion to deny attorney's fees, once the prerequisites of the statute have been fulfilled, except if the court determines under section 768.79([2])(a) that `an offer was not made in good faith.'" Dvorak, 639 So.2d at 59.
Finally, the district court addressed the issue of attorney's fees under section 45.061 and rule 1.442 and stated: "The trial court's finding that there was not an unreasonable rejection of the offer by the defendant ... provide[s] a proper basis for his conclusion that attorney's fees would not be awarded as a result of the offers of judgment under rule 1.442 and section 45.061." Id. at 60. The district court noted that the rule and statute provide a presumption that an offer has been unreasonably rejected when the judgment is twenty-five percent greater than the offer, but rejected Dvorak's assertion that TGI Friday's had failed to present sufficient evidence to overcome the presumption and held that TGI Friday's could rely entirely on the trial *611 judge's familiarity with the case to rebut the presumption. Id.
Both parties have petitioned this Court for review of the district court's decision. We approve each of the four distinct holdings of the district court and adopt its reasoning as our own. Article V, section 2(a), of the Florida Constitution provides this Court with exclusive authority to adopt rules for practice and procedure in the courts of this State. The Legislature, on the other hand, is entrusted with the task of enacting substantive law. In Leapai v. Milton, 595 So.2d 12, 14 (Fla. 1992), we noted that the judiciary and legislature must work together to give effect to laws that combine substantive and procedural provisions in such a manner that neither branch encroaches on the other's constitutional powers. The Legislature has modified the American rule, in which each party pays its own attorney's fees, and has created a substantive right to attorney's fees in section 768.79 on the occurrence of certain specified conditions. To the extent section 768.79 creates substantive rights, we find the statute constitutional. The procedural portions of the statute were superseded by Rule of Civil Procedure 1.442.[1]See Florida Bar re Amend. to R.Civ. P., Rule 1.442.
We also find that the district court correctly held that section 768.79 provides for the award of attorney's fees regardless of the reasonableness of an offeree's rejection of an offer of judgment. In making this determination, the district court referred to its earlier decision in Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993). In Schmidt, the district court explained the application of section 768.79 as follows:
Turning to the substance of section 768.79 itself, we conclude that the legislature has created a mandatory right to attorney's fees, if the statutory prerequisites have been met. The statute begins by creating an "entitlement" to fees. That entitlement may then lead to an "award" of fees. That award may then be lost by a finding that the entitlement was created "not in good faith," or the amount of the award may be adjusted upward or downward by a consideration of statutory factors. That, in outline form, is how we read this statute. We explain in more detail in the following paragraphs.
To begin, the words "shall be entitled" [e.s.] in subsection (1) quoted above cannot possibly have any meaning other than to create a right to attorney's fees when the two preceding prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer. These are the only elements of the statutory entitlement. No other factor is relevant in determining the question of entitlement. The court is faced with a simple, arithmetic, calculation. How that entitlement gets translated into tangible attorney's fees is covered by the process of an "award."
Subsection (6)(b) of section 768.79 (in pertinent part) provides as follows:
"(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded *612 reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served."
Under this provision, the right to an award turns only on the difference between the amount of a rejected offer and the amount of a later judgment. It does not depend on whether the offer or the rejection was reasonable. If the offer is 25 percent more or less than the judgment, then the party has qualified for an award. To repeat, these two provisions together create an entitlement which qualifies a party to an award of attorney's fees where the party has served an offer that is more or less than the ultimate judgment, if the motion therefor has been timely made.
It is under subsection (7) of section 768.79 that Fortner says he finds his support for the trial judge's denial of fees in this case. He argues that under subsection (7) the court is given discretion to decline an award of fees. In this he is certainly partially correct. Subsection (7)(a) provides that:
"(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."
This provision does indeed allow the court in its discretion to disallow an award of attorney's fees, but only if it determines that a qualifying offer "was not made in good faith." That is the sole basis on which the court can disallow an entitlement to an award of fees. In that circumstance, however, a "not in good faith" offeror  though prima facie entitled to fees under section 768.79(7)  has lost that entitlement because the offeree has succeeded in persuading the trial judge that the offeror acted without good faith. His entitlement to fees has thus been disallowed because his intentions have been shown to be "not in good faith." Here, however, that provision is inapplicable because there was no evidence that the demand was "not made in good faith," and no finding to that effect by the trial judge.
Hence, Fortner turns to subsection (7)(b) and the following text to attempt to justify a discretionary denial of all fees:
"(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider the following additional factors:
1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged." [e.s.]
He argues that award and entitlement amount to the same thing, and thus the judge could properly use the enumerated factors of subsection (7)(b) as the basis for denying all fees to an otherwise qualifying offeror. We disagree.
In the first place, the term "award" of fees in subsection (7)(b) obviously relates back to subsection (6)(b) where  as we have just seen  that term first appears. There the legislature established the mechanism by which an entitlement is converted to an award of attorney's fees. Subsection (7)(b) proceeds on the notion that a party has successfully perfected a right or entitlement to fees and has properly qualified for an award under subsection (6). Moreover, in order to reach subsection (7)(b), the court must have already ruled out a disallowance of an award because of a finding of "not made in good faith" under subsection (7)(a). The noun "award" in (7)(b) therefore refers to the process of fixing the amount of the fee to which the qualifying plaintiff is already entitled. It has nothing to do with the entirely *613 separate inquiry as to entitlement itself, which is an arithmetic calculation.
Secondly, the noun "reasonableness" in subsection (7)(b) is modified only by the prepositional phrase, "of an award". It is thus the award of fees that must be reasonable, i.e., the determination of the amount of the fee, and not whether the entitlement is reasonable. Under this statute, the legislature did not give judges the discretion to determine whether it is reasonable to entitle qualifying plaintiffs to fees. Rather, it determined for itself that it is reasonable to entitle every offeror who makes a good faith offer (later rejected) 25 percent more or less than the judgment finally entered to an award of fees. Under subsection (7)(b), the court's discretion is directed by the statutory text solely to determining the reasonability of the amount of fees awarded; and that discretion is informed, at least partially, by the 6 factors thereafter listed in that subsection.
In Bridges v. Newton, 556 So.2d 1170 (Fla. 3d DCA 1990)], the Third District construed this subsection as follows:
"... paragraph 768.79(2)(b) also applies in determining `the reasonableness of an award of attorney's fees pursuant to this section... .' Among the factors expressly to be considered is the `number and nature of offers made by the parties.' .. . It would be entirely unreasonable to reward [the offeror's] behavior with an award of post-demand attorney's fees."
556 So.2d at 1171-1172. By the term "behavior" the court, of course, referred to the offeror's conduct in not intending to conclude a settlement at the amount offered. But the court had already decided that fees should be disallowed because the offeror had not acted "in good faith" in making an offer when he did not intend to settle the case on the terms offered. We thus view the third district's entirely separate conclusion on reasonableness to be unnecessary to the decision in Bridges. To the extent that it is not dicta, we expressly disagree with it and certify conflict.
Schmidt, 629 So.2d at 1040-42 (footnotes omitted).
We agree with this construction of the statute.[2] Clearly, section 768.79 as written by the Legislature does not require that an offer be unreasonably rejected before a court may award attorney's fees. While it seems clear that at least some of the factors enumerated in subsection (2)(b) of section 768.79, Florida Statutes (1987), bear on the question of whether the offer or demand for judgment was unreasonably rejected, the wording of the statute as a whole leaves no doubt that the reasonableness of the rejection is irrelevant to the question of entitlement. However, it is equally clear that these enumerated factors are intended to be considered in the determination of the amount of the fee to be awarded. Thus, in a given case, the court could justifiably reduce the amount of the attorney's fee to be assessed against a severely injured plaintiff who suffered an adverse verdict after rejecting a small settlement offer. By the same token, the court could reasonably conclude that a defendant with a small liability potential who rejected a large settlement offer should pay only a reduced fee even though the verdict ultimately exceeded the offer by more than twenty-five percent.
It is also clear that the Legislature understands how to write a reasonable test requirement because such a requirement is included in section 45.061. It chose not to include such a provision in section 768.79. We find that the district court correctly held that Dvorak was entitled to attorney's fees pursuant to section 768.79.
Accordingly, we approve the decision of the district court. We approve the opinion in Schmidt and disapprove the opinion in Bridges to the extent it held that section 768.79 requires an unreasonable rejection of an offer.
It is so ordered.
GRIMES, C.J., and KOGAN and HARDING, JJ., concur.
SHAW, J., concurs in result only.
*614 WELLS, J., concurs in part and dissents in part with an opinion.
ANSTEAD, J., recused.
WELLS, Justice, concurring in part and dissenting in part.
I concur with the majority's approval of the district court's decision upholding the constitutionality of sections 45.061 and 768.79, Florida Statutes (1987),[3] holding that Florida Rule of Civil Procedure 1.442 may be applied retroactively and finding that defendant did not unreasonably reject the plaintiff's demands for judgment under rule 1.442 and section 45.061. I dissent from the majority's approval of the district court's holding that section 768.79 provides for an award of attorney fees regardless of the reasonableness of an offeree's rejection of an offer of judgment.
I disagree for several reasons with the majority's approval of the construction of section 768.79, Florida Statutes (1991), provided in Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993). First, I find that as a result of the 1990 amendments to the statute, there is a significant difference between section 768.79, Florida Statutes (1987), the provision applicable in this case, and section 768.79, Florida Statutes (1991), which was interpreted in Schmidt.[4] In approving Schmidt with regard to the 1987 version of the statute, the majority fails to recognize the material distinctions between the two versions of the statute. Furthermore, I find that Schmidt and, consequently, the majority erroneously interpreted section 768.79, Florida Statutes (1991), so as to eliminate any discretion of the trial court in awarding attorney fees.
An initial analysis of section 768.79 reveals that the statute should be strictly construed. There is a long-standing adherence in Florida law to the "American Rule" that attorney fees may be awarded by a court only when authorized by statute or agreement of the parties.[5]See P.A.G. v. A.F., 602 So.2d 1259, *615 1260 (Fla. 1992); Rowe, 472 So.2d at 1147-48; Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602, 604 (1939); Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892 (1938). Accordingly, statutes such as section 768.79, which authorize an award of attorney fees, must be strictly construed. Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n, 539 So.2d 1131 (Fla. 1989); DeRosa v. Shands Teaching Hospital & Clinics, Inc., 549 So.2d 1039 (Fla. 1st DCA 1989). Moreover, this attorney-fee provision is a sanction for failing to settle for the amount of a demand or offering. See Leapai v. Milton, 595 So.2d 12, 15 (Fla. 1992); Florida Bar re Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989). Statutes awarding attorney fees in the nature of a penalty must also be strictly construed. See Wilmington Trust Co. v. Manufacturers Life Ins. Co., 749 F.2d 694, 700 (11th Cir.1985).
The rules of statutory construction require all parts of a statute to be read together in order to achieve a consistent whole. Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992). In reading section 768.79 as a whole, I conclude that it first creates statutory authority for awarding attorney fees if the twenty-five percent condition in paragraph (1)(a) is fulfilled.[6] The statute then provides the trial court criteria in subsection (2) with which to decide if the statutorily authorized attorney fees should be awarded.[7] In sum, the trial court maintains the discretion to deny an award of fees, and paragraphs (2)(a) and (2)(b) provide criteria for the trial court to use in exercising that discretion.
In Schmidt, the district court likewise recognized that paragraph (1)(a) of the statute[8] only creates statutory authority which may lead to an award of attorney fees. 629 So.2d at 1040. The district court then concluded, however, that an award of fees is mandated if a party meets the twenty-five percent condition. The court found that a trial court has discretion to decide whether to award fees only when paragraph (7)(a) of the statute is implicated.[9] To reach this conclusion the district court relied upon subsection (6) of the 1991 version of the statute. The court concluded that it was through subsection (6) that the entitlement to attorney fees translated into a tangible award. Id. at 1040-41. However, subsection (6) was not included in the 1987 version of the statute and therefore is not applicable to this case.
Because subsection (6) was not a part of the 1987 version of the statute, under the majority's decision in this case, it must be subsection (2) of section 768.79, Florida Statutes (1987), that mandates an award of attorney fees. However, the criteria listed in subsection (2) are clearly criteria intended for the court to consider in determining whether the demand or offer of judgment was reasonably rejected. The criteria simply do not fit logically into the assessment of the reasonableness of the amount of an award of *616 attorney fees, nor does the plain language of subsection (2) mandate an award of fees.
If section 768.79 is to be read as a consistent whole in compliance with our Forsythe decision, paragraphs (2)(a) and (2)(b) must be read collectively. When read collectively, paragraph (2)(a) sets forth one basis upon which the court may disallow an award of fees, i.e., that the offer was not made in good faith, and paragraph (2)(b) provides criteria for determining the reasonableness of awarding attorney fees when an offer is made in good faith. For example, it is possible that a court, in applying the criteria in subparagraph (2)(b)3., might find that it was reasonable for the opposing party to reject a demand or offer for settlement that was made in good faith because of the closeness of the questions of law or fact in the case. That is apparently what occurred in this case wherein the demand for settlement was in good faith but was turned down because of the closeness of the question of liability on the part of the defendant. By reading the statute in this way, all subsections of the statute are made compatible. I would therefore quash the district court's decision reversing the trial court's denial of attorney fees based upon section 768.79, Florida Statutes (1987).
I do agree with the Schmidt court's conclusion that subsection (6) of the 1991 version of section 768.79 concerns how the "entitlement" to an award of attorney fees is to be translated into a tangible award. Paragraphs (6)(a) and (6)(b) state that if the twenty-five percent condition is fulfilled, the party entitled to an award of fees pursuant to subsection (1) of the statute "shall be awarded ... attorney's fees calculated in accordance with the guidelines promulgated by the Supreme Court." § 768.79, Fla. Stat. (1991). I conclude that the guidelines to which the statute refers are those set forth in rule 4-1.5 of the Rules Regulating The Florida Bar. It follows then that subsection (6) was added to the statute to expressly provide a trial court with criteria for determining the amount of attorney fees to be awarded if it is determined that the award itself is reasonable.
The inclusion of this statement in subsection (6) thus provides further support for the conclusion that the criteria set forth in paragraph (2)(b) of the 1987 version of the statute are criteria which the trial court is to use to decide whether an award of attorney fees can be reasonably made in a particular case. If paragraph (2)(b) contained criteria for the court to use in determining the reasonableness of an amount of attorney fees rather than the reasonableness of awarding attorney fees, then the inclusion of that paragraph in the 1991 version of the statute as paragraph (7)(b) would have been redundant because subsection (6) already provides criteria for determining the reasonableness of the fee amount.
I do not agree, however, with the Schmidt court's conclusion that paragraph (7)(b) obviously relates back to subsection (6) of section 768.79, Florida Statutes (1991), and thereby makes an award of fees mandatory. It obviously does not. As noted, paragraph (7)(b) in the 1991 version of the statute existed as paragraph (2)(b) in the 1987 version before subsection (6) existed. What is obvious and logical, therefore, is that paragraph (7)(b) relates to paragraph (7)(a) just as paragraph (2)(b) in the 1987 version of the statute related to paragraph (2)(a).
In conclusion, I do not believe that the addition of subsection (6) makes the 1991 version a mandatory attorney-fee provision. Regardless, that version of the statute is not applicable to this case. I would therefore disapprove Schmidt and approve the decision in Bridges v. Newton, 556 So.2d 1170 (Fla. 3d DCA 1990), to the extent that it conforms with this opinion.
NOTES
[1] It is the 1990 version of rule 1.442 that is at issue here. In 1992, this Court changed rule 1.442 to simply reference the procedure set forth in section 768.79, Florida Statutes (1991).
[2] We note that the district court in Schmidt construed the 1991 version of section 768.79 rather than the 1987 version at issue in the instant case. There is no pertinent distinction between the two versions, and we find the reasoning of the Schmidt court is equally applicable to both versions.
[3] Subsequent references to section 768.79 are to the 1987 version unless otherwise indicated.
[4] In 1987, paragraph (1)(a) of the statute read as follows:

(1)(a) In any action to which this part applies, if a defendant filed an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
§ 768.79, Fla. Stat. (1987). In 1990, the statute was substantially amended, and subsection (6) was added stating in part:
(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
§ 768.79, Fla. Stat. (1991).
[5] We have recognized a limited exception to the American Rule, see Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1148 (Fla. 1985), modified on other grounds by Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), but that exception is not applicable here.
[6] The statute specifically provides that the defendant or plaintiff "shall be entitled to recover ... attorney's fees" if the twenty-five percent condition is met. § 768.79, Fla. Stat. (1987).
[7] Subsection (2) provides:

(2)(a) If a party is entitled to costs and fees pursuant to the provisions of subsection (1), the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
1. The then apparent merit or lack of merit in the claim that was subject to the offer.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the offeror had unreasonably refused to furnish information necessary to evaluate the reasonableness of the offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the offeror reasonably would be expected to incur if the litigation should be prolonged.
§ 768.79, Fla. Stat. (1987).
[8] Paragraph (1)(a) of the 1987 and 1991 versions of the statute are the same.
[9] Paragraph (7)(a) is the same as paragraph (2)(a) in the 1987 version of the statute.