DANAHY, Acting Chief Judge.
This is an appeal and cross-appeal from a final judgment in a personal injury action based upon a three-car chain collision accident in March 1990.[1] We find no merit in the issues the Gasperins raise and thus affirm on their direct appeal. We reverse on Reeves’ cross-appeal from a denial of fees and costs since the date her offer of settlement was rejected.
Reeves made an offer of judgment to the Gasperins pursuant to sections 768.79 and 45.061, Florida Statutes (1991). The settlement offer included fees and costs to date and provided that the sum stated was the total offered for the claims made by the Gasperins. The Gasperins rejected the offer but at trial obtained a verdict less than seventy-five percent of Reeves’ offer. This mathematical calculation entitled Reeves to an award of fees and costs since the date of her offer. TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995). The trial court made no finding that there was bad faith on Reeves’ part in making the offer, and indeed the record would support no such finding. Thus the trial court should have entered an order awarding Reeves fees and costs. We reject the Gasperins’ argument that Reeves showed bad faith in making an offer which was vastly below what they had already expended on attorneys’ fees as of the date of the offer.
We reverse the trial court’s order denying Reeves her fees and costs since the date of the offer and remand for further proceedings in accord with this opinion.
FRANK and FULMER, JJ., concur.

. Karen Gasperin was driving the middle car which was struck from behind by the car driven by Shirley Ann Reeves.