3 So.3d 367 (2009)
CENTRAL MOTOR COMPANY d/b/a Central Hyundai, Appellant,
v.
Earline P. SHAW, Appellee.
No. 3D07-765.
District Court of Appeal of Florida, Third District.
January 14, 2009.
Rehearing and Rehearing En Banc Denied March 20, 2009.
*368 Bilzin Sumberg Baena Price & Axelrod and Allen J. Smith, for appellant.
Timothy Carl Blake, Miami, for appellee.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Central Motor Company ("Central Motor") appeals the denial of a motion for attorney's fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2007). We affirm the trial court's order denying attorney's fees and costs.
Central Motor sold Shaw a car which was financed by Hyundai Motor Finance Company ("Hyundai Finance") through a retail installment sales contract. Shaw sued both Central Motor and Hyundai Finance for unfair and deceptive trade practices. She alleged that both companies acted in concert by failing to inform her of the rates and terms of the loan, which were higher than the normal buy-rate. In February, 2004, Central Motor sent a Proposal for Settlement in which it offered Shaw $1,000.00 in exchange for a voluntary dismissal with prejudice of the action against Central Motor. Shaw did not accept. On October 4, 2006, with the knowledge of Central Motor, Shaw and Hyundai Finance entered into a settlement agreement whereby Hyundai Finance and Shaw stipulated that Hyundai Finance would pay a total of $10,000.00 to Shaw and her attorney, to be divided equally, and that Shaw would voluntarily dismiss with prejudice her lawsuit against both Hyundai Finance and Central Motor.[1] Hyundai Finance paid the $10,000.00 to Shaw, and Shaw voluntarily dismissed with prejudice her lawsuit as stipulated. After the voluntary dismissal with prejudice was taken, Central Motor filed a Supplementary Motion for Attorney's Fees and Costs pursuant to the offer of judgment statute. See § 768.79, Fla. Stat. (2007).[2]
*369 Under the statute, if there is a judgment of no liability or one for at least twenty-five percent of the offer of settlement, the offeror in this case, Central Motor, is entitled to attorney's fees and costs. Central Motor filed the Supplementary Motion for Attorney's Fees and Costs in reliance upon the fact that, in February of 2004, it had filed a Proposal for Settlement in which it had offered Shaw $1,000.00 in exchange for a voluntary dismissal with prejudice. Central Motor contends that, because it paid no money toward the October, 2006 stipulated settlement, its offer of judgment for $1,000.00 was not accepted, and Shaw received the $10,000.00 from Hyundai Finance, it is entitled to attorney's fees and costs. Based on the facts before us, we disagree and affirm the trial court's denial of Central Motor's Supplemental Motion for Attorney's Fees and Costs.
In its brief, Central Motor relies on the case of MX Investments, Inc. v. Crawford, 700 So.2d 640 (Fla.1997). MX Investments is factually distinguishable and not dispositive of this case. In MX Investments, after suit was filed, MX Investments served two offers of judgment. Prior to trial, plaintiffs filed a voluntary dismissal without prejudice. MX Investments then moved for attorney's fees pursuant to its statutory offers of judgment. The issue before the Florida Supreme Court was whether attorney's fees should be awarded pursuant to section 768.79, Florida Statutes (2007), where a voluntary dismissal without prejudice had been taken. Like the facts in MX Investments, Central Motor filed an offer of judgment. The offer was for $1,000.00. Unlike the facts of MX Investments, this lawsuit ended with the payment of money to the plaintiff with the agreement that such payment would release the action against both defendants, and that the plaintiff would enter a voluntary dismissal with prejudice as to both defendants. Central Motor, having benefited from Hyundai Finance's payment of $10,000.00 to settle the lawsuit, now seeks additional profit from the settlement by requesting attorney's fees and costs. This is not the intent of the statute, and such interpretation would lead to an absurd result. See Wollard v. Lloyd's & Cos., 439 So.2d 217, 218 (Fla.1983).
The history of cases interpreting the intent of the offer of judgment statute and those adopting Florida Rule of Civil Procedure 1.442 "reflect that an award of attorney fees authorized by section 768.79 is a sanction against the rejecting party for the refusal to accept what is presumed to be a reasonable offer ... for unnecessarily continuing the litigation.... The factors specified in rule 1.442 each have to do with the evaluation and nature of the offers and the case in litigation." Sarkis v. Allstate Ins. Co., 863 So.2d 210, 222 (Fla.2003). For Central Motor to receive an award of attorney's fees and costs, this Court would have to find that Shaw, by rejecting Central Motor's offer, caused "delay costs and expenses" unnecessarily prolonging the litigation. The facts of this case do not *370 demonstrate that Shaw's rejection of the offer unnecessarily prolonged the litigation adding additional costs and expenses such that she should be sanctioned. She should not be sanctioned when, with Central Motor's knowledge, she later agreed to settle her claim against both Hyundai Finance and Central Motor for a much greater amount than offered by Central Motor alone. Without objection, Central Motor knowingly allowed the money to be paid on its behalf to secure a complete release from the litigation. Now Central Motor should not be permitted to profit more, in attorney's fees and costs, than it already has from Hyundai Finance's settlement with Shaw that resulted in its being released from the lawsuit. Because Shaw agreed to the dismissal with prejudice against both defendants as part of the terms of the settlement, and since Central Motor knowingly benefitted from the $10,000.00 payment on its behalf to secure, not only Hyundai Finance's, but Central Motor's release from litigation, the dismissal with prejudice here should not be considered a basis for an award of attorney's fees and costs within the meaning of the offer of judgment statute.[3] To do otherwise would counter the intent of the statute and would amount to nothing more than a "gotcha" tactic. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979).
There is no reason to impose a sanction on Shaw for rejecting Central's $1,000.00 offer in 2004, when Shaw achieved a much better $10,000.00 settlement with Hyundai Finance in 2006, along with the release of both defendants from the lawsuitstrictly a windfall readily accepted by Central Motor. Accordingly, we find that, based on these facts, Central Motor is not entitled to attorney's fees and costs. See § 768.79, Fla. Stat. (2007); Sarkis, 863 So.2d at 218 ("[A]ttorney fees awarded pursuant to the offer of judgment statutes are sanctions... for unreasonable rejections of offers of judgment."); Wollard v. Lloyd's & Cos., 439 So.2d at 218 ("It is a mere tenet of statutory construction that statutes will not be interpreted so as to yield an absurd result.").
Affirmed.
SCHWARTZ, Senior Judge, concurs.
SHEPHERD, J., dissenting.
If this were a court of equity, I might agree with the majority. However, this is a court of law, and under Section 768.79, Florida Statutes (2004), Central Motor Company is entitled to recover its reasonable attorney fees and costs pursuant to the statute.
The necessary facts in this case are that on February 18, 2004, Central Motor made an offer of judgment solely on its own behalf in the sum of $1000. Ms. Shaw declined to accept. Two-and-a-half years later, on October 4, 2006, counsel for Hyundai Motor Finance Company sent the following settlement confirmation letter to counsel for Ms. Shaw:
Dear Tim:
Confirming our recent telephone conversations, Hyundai Motor Finance Company has agreed to settle the lawsuit *371 filed by Earline Shaw on the following terms:
1. Hyundai will pay Earline Shaw $5000 and the Timothy Carl Blake trust account $5000.
2. Earline Shaw will dismiss her lawsuit with prejudice against Hyundai and Central Motors.
3. Earline Shaw will sign a release in favor of Hyundai and Central Motors.
Enclosed is a proposed release and a voluntary dismissal. Please have signed and return to me. By the time you return the documents to me, I should have the checks for you.
/s/ Bruce Charles King
Counsel for Central Motor was copied on the letter. He knew settlement discussions were occurring between counsel for Ms. Shaw and Hyundai Finance. It is also undisputed that Central Motor consistently rebuffed entreaties by both counsel for Ms. Shaw and counsel for Hyundai Finance to participate in any settlement negotiations or offer of settlement. Counsel for Hyundai Finance was not authorized to represent Central Motor in settlement negotiations. Nor was there any legerdemain by Central Motor in refusing to settle. From all that appears in the record, this is a case in which Ms. Shaw's counsel simply forgot about the existence of an ancient offer of judgment.
Nevertheless, the trial court denied Central Motor's motion for attorney fees, stating, "Something sounds kind of inequitable about this. Both defendants get settled. I am going to deny the motion." In so ruling, the trial court acted contrary to law.
Section 768.79, Florida Statutes (2004), reads:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
....
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
1. The then apparent merit or lack of merit in the claim.

*372 2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.
(8) Evidence of an offer is admissible only in proceedings to enforce an accepted offer or to determine the imposition of sanctions under this section.
768.79(1), (7), (8), Fla. Stat. (2004).
Construing a substantively identical version of this statute in 1995, the Florida Supreme Court held that by adopting this statute:
[T]he legislature has created a mandatory right to attorney's fees if the statutory prerequisites have been met ... i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer.
TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995) ("[T]he words shall be entitled ... in subsection (1) quoted above cannot possibly have any meaning other than to create a right to attorney's fees when the two preceding prerequisites have been fulfilled...."). In this case, Ms. Shaw voluntarily dismissed her complaint against Central Motor with prejudice. "[W]hen a plaintiff's voluntary dismissal is with prejudice or is a second voluntary dismissal[,] the defendant [is] entitled to attorney fees in accord with section 768.79...." MX Invs., Inc. v. Crawford, 700 So.2d 640, 642 (Fla.1997) (emphasis added). Central Motor Company has satisfied all the requirements necessary to be entitled to a fee and cost award.
If entitlement is shown under the statute, a trial court still may "in its discretion... disallow an award of attorney's fees, but only if it determines that a qualifying offer `was not made in good faith.'" TGI Friday's, 663 So.2d at 612; accord Segarra v. Mellerson, 675 So.2d 980, 983 (Fla. 3d DCA 1996). As explained by the Florida Supreme Court in TGI Friday's:
That is the sole basis on which the court can disallow an entitlement to an award of fees. In that circumstance, however, a "not in good faith" offerorthough prima facie entitled to fees under section 768.79(7)has lost that entitlement because the offeree has succeeded in persuading the trial judge that the offeror acted without good faith. His entitlement to fees has thus been disallowed because his intentions have been shown to be "not in good faith." Here, however, that provision is inapplicable because there was no evidence that the demand was "not made in good faith," and no finding to that effect by the trial judge.
TGI Friday's, 663 So.2d at 612 (emphasis added). The same is true in our case. Ms. Shaw did not assert below that Central Motor's offer was "not made in good faith." See § 768.97(7)(a).
Nevertheless, the majority affirms on the ground that Central Motor (1) acquiesced to, and (2) profited from the settlement. As to the former, it is clear from the record of the hearing on Central Motor's Motion for Attorneys' Fees Pursuant to Offer of Judgment that both counsel for Ms. Shaw and counsel for Hyundai Finance *373 wanted a global settlement. As counsel for Ms. Shaw put it, "I said I couldn't settle unless I settled with both. I did talk to [counsel for Central Motor] and tried to get him to pay the plaintiff some money." (emphasis added). Similarly, out of concern of a potential cross-claim if the litigation were to continue solely against Central Motor, Hyundai Finance also desired a global settlement. Both counsel for Ms. Shaw and Hyundai Finance acknowledge that Central Motor simply refused to settle. That was its right. It also had no legal obligation to remind either party of its long-outstanding offer of judgment. The fact that counsel for Ms. Shaw and Hyundai Finance ultimately entered into a settlement agreement that conferred a benefit to Central Motor is also of no legal significance. These two parties had no right to decide what "profit" Central Motor should receive as a result of its ten-year defense of this action brought against them.
In her brief, Ms. Shaw makes one additional argument to excuse her from having to respond to Central Motor's offer of judgment, namely that Central Motor and Hyundai Finance were in privity with each other. That is true in the sense that Hyundai Finance agreed to purchase the retail installment contract executed by Ms. Shaw. See Baskerville-Donovan Eng'rs, Inc. v. Pensacola Executive House Condo. Ass'n, 581 So.2d 1301, 1303 (Fla.1991) ("The term `privity' is a word of art ... used to describe the relationship of persons who are parties to a contract."). However, it is clear Central Motor and Hyundai Finance are separate entities one a local automobile dealership and the other the national finance arm of an automobile manufacturer. Hyundai Finance was under no obligation to purchase any retail installment contract procured by Central Motor. The relationship between Central Motor and Hyundai Finance does nothing to assist Ms. Shaw in her defense of Central Motor's motion for attorney fees pursuant to the offer of judgment statute. See Networkip, LLC v. Spread Enters., Inc., 922 So.2d 355, 358 (Fla. 3d DCA 2006) ("A third party is considered a beneficiary to the contract only if the contracting parties intend to primarily and directly benefit the third party."); City of Tampa v. Thornton-Tomasetti, P.C., 646 So.2d 279, 283 (Fla. 2d DCA 1994) (stating that contracting parties' intention is determinative, and "it is not enough that the... services ultimately rendered accrue to the [third party]").
For the foregoing reasons, I would reverse the order on appeal with directions to the trial court to award reasonable attorney fees and costs to Central Motor pursuant to the offer of judgment statute.
NOTES
[1] Both Hyundai Finance and Central Motor received complete releases from Shaw.
[2] 768.79 Offer of judgment and demand for judgment

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
....
(7)(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.
[3] As the dissent points out, the entitlement to attorney's fees is expressly authorized as a matter of right by section 768.79(2)(a), Florida Statutes (2007). See op. at ___. However, "[w]hile the reasonableness of the rejection of the offer ha[s] no bearing on the issue of entitlement to fees, the factors set forth in section 768.79(2)(b), which have been incorporated into rule 1.442, would have a bearing on the amount of attorney fees awarded by the court." Sarkis, 863 So.2d at 221 (footnote omitted; emphasis added). (The section has been renumbered as 768.79(7)(b) in 1990 when the statute was amended.)