SHEPHERD, J.,
dissenting.
If this were a court of equity, I might agree with the majority. However, this is a court of law, and under Section 768.79, Florida Statutes (2004), Central Motor Company is entitled to recover its reasonable attorney fees and costs pursuant to the statute.
The necessary facts in this case are that on February 18, 2004, Central Motor made an offer of judgment solely on its own behalf in the sum of $1000. Ms. Shaw declined to accept. Two-and-a-half years later, on October 4, 2006, counsel for Hyundai Motor Finance Company sent the following settlement confirmation letter to counsel for Ms. Shaw:
Dear Tim:
Confirming our recent telephone conversations, Hyundai Motor Finance Company has agreed to settle the law *371 suit filed by Earline Shaw on the following terms:
1. Hyundai will pay Earline Shaw $5000 and the Timothy Carl Blake trust account $5000.
2. Earline Shaw will dismiss her lawsuit with prejudice against Hyundai and Central Motors.
3. Earline Shaw will sign a release in favor of Hyundai and Central Motors.
Enclosed is a proposed release and a voluntary dismissal. Please have signed and return to me. By the time you return the documents to me, I should have the checks for you.
/s/ Bruce Charles King
Counsel for Central Motor was copied on the letter. He knew settlement discussions were occurring between counsel for Ms. Shaw and Hyundai Finance. It is also undisputed that Central Motor consistently rebuffed entreaties by both counsel for Ms. Shaw and counsel for Hyundai Finance to participate in any settlement negotiations or offer of settlement. Counsel for Hyundai Finance was not authorized to represent Central Motor in settlement negotiations. Nor was there any legerdemain by Central Motor in refusing to settle. From all that appears in the record, this is a case in which Ms. Shaw’s counsel simply forgot about the existence of an ancient offer of judgment.
Nevertheless, the trial court denied Central Motor’s motion for attorney fees, stating, “Something sounds kind of inequitable about this. Both defendants get settled. I am going to deny the motion.” In so ruling, the trial court acted contrary to law.
Section 768.79, Florida Statutes (2004), reads:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award. Where such costs and attorney’s fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiffs award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
[[Image here]]
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.
(b) When determining the reasonableness of an award of attorney’s fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
1. The then apparent merit or lack of merit in the claim.
*372 2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting non-parties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.
(8) Evidence of an offer is admissible only in proceedings to enforce an accepted offer or to determine the imposition of sanctions under this section.
768.79(1), (7), (8), Fla. Stat. (2004).
Construing a substantively identical version of this statute in 1995, the Florida Supreme Court held that by adopting this statute:
[T]he legislature has created a mandatory right to attorney’s fees if the statutory prerequisites have been met ... i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer.
TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995) (“[T]he words shall be entitled ... in subsection (1) quoted above cannot possibly have any meaning other than to create a right to attorney’s fees when the two preceding prerequisites have been fulfilled.... ”). In this case, Ms. Shaw voluntarily dismissed her complaint against Central Motor with prejudice. “[Wjhen a plaintiffs voluntary dismissal is with prejudice or is a second voluntary dismissal[,] the defendant [is] entitled to attorney fees in accord with section 768.79....” MX Invs., Inc. v. Crawford, 700 So.2d 640, 642 (Fla.1997) (emphasis added). Central Motor Company has satisfied all the requirements necessary to be entitled to a fee and cost award.
If entitlement is shown under the statute, a trial court still may “in its discretion ... disallow an award of attorney’s fees, but only if it determines that a qualifying offer ‘was not made in good faith.’ ” TGI Friday’s, 663 So.2d at 612; accord Segarra v. Mellerson, 675 So.2d 980, 983 (Fla. 3d DCA 1996). As explained by the Florida Supreme Court in TGI Friday’s:
That is the sole basis on which the court can disallow an entitlement to an award of fees. In that circumstance, however, a “not in good faith” offeror — though prima facie entitled to fees under section 768.79(7) — -has lost that entitlement because the offeree has succeeded in persuading the trial judge that the offeror acted without good faith. His entitlement to fees has thus been disallowed because his intentions have been shown to be “not in good faith.” Here, however, that provision is inapplicable because there was no evidence that the demand was “not made in good faith,” and no finding to that effect by the trial judge.
TGI Friday’s, 663 So.2d at 612 (emphasis added). The same is true in our ease. Ms. Shaw did not assert below that Central Motor’s offer was “not made in good faith.” See § 768.97(7)(a).
Nevertheless, the majority affirms on the ground that Central Motor (1) acquiesced to, and (2) profited from the settlement. As to the former, it is clear from the record of the hearing on Central Motor’s Motion for Attorneys’ Fees Pursuant to Offer of Judgment that both counsel for Ms. Shaw and counsel for Hyundai Fi *373 nance wanted a global settlement. As counsel for Ms. Shaw put it, “I said I couldn’t settle unless I settled with both. I did talk to [counsel for Central Motor] and tried to get him to pay the plaintiff some money.” (emphasis added). Similarly, out of concern of a potential cross-claim if the litigation were to continue solely against Central Motor, Hyundai Finance also desired a global settlement. Both counsel for Ms. Shaw and Hyundai Finance acknowledge that Central Motor simply refused to settle. That was its right. It also had no legal obligation to remind either party of its long-outstanding offer of judgment. The fact that counsel for Ms. Shaw and Hyundai Finance ultimately entered into a settlement agreement that conferred a benefit to Central Motor is also of no legal significance. These two parties had no right to decide what “profit” Central Motor should receive as a result of its ten-year defense of this action brought against them.
In her brief, Ms. Shaw makes one additional argument to excuse her from having to respond to Central Motor’s offer of judgment, namely that Central Motor and Hyundai Finance were in privity with each other. That is true in the sense that Hyundai Finance agreed to purchase the retail installment contract executed by Ms. Shaw. See Baskerville-Donovan Eng’rs, Inc. v. Pensacola Executive House Condo. Ass’n, 581 So.2d 1301, 1303 (Fla.1991) (“The term ‘privity’ is a word of art ... used to describe the relationship of persons who are parties to a contract.”). However, it is clear Central Motor and Hyundai Finance are separate entities— one a local automobile dealership and the other the national finance arm of an automobile manufacturer. Hyundai Finance was under no obligation to purchase any retail installment contract procured by Central Motor. The relationship between Central Motor and Hyundai Finance does nothing to assist Ms. Shaw in her defense of Central Motor’s motion for attorney fees pursuant to the offer of judgment statute. See Networkip, LLC v. Spread Enters., Inc., 922 So.2d 355, 358 (Fla. 3d DCA 2006) (“A third party is considered a beneficiary to the contract only if the contracting parties intend to primarily and directly benefit the third party.”); City of Tampa v. Thornton-Tomasetti, P.C., 646 So.2d 279, 283 (Fla. 2d DCA 1994) (stating that contracting parties’ intention is determinative, and “it is not enough that the ... services ultimately rendered accrue to the [third party]”).
For the foregoing reasons, I would reverse the order on appeal with directions to the trial court to award reasonable attorney fees and costs to Central Motor pursuant to the offer of judgment statute.