394 So.2d 228 (1981)
ERIE INSURANCE COMPANY and Margaret Borman, Appellants,
v.
Brenda Ragland BUSHY, Appellee.
No. 80-718.
District Court of Appeal of Florida, Fifth District.
February 25, 1981.
*229 Alfred A. Green, Jr., Daytona Beach, for appellants.
Janet L. Brown, of Haas, Boehm, Brown & Rigdon, Daytona Beach, for appellee.
SHARP, Judge.
Erie Insurance Company appeals from a final judgment after a jury verdict awarding Bushy damages of $45,000.00. Erie claims some remarks of trial counsel for Bushy were so inflammatory and prejudicial, it should be granted a new trial. Under the circumstances in this case, we agree.
Erie had admitted liability, and the lawsuit concerned the amount of damages only. Counsel for Erie and its insured, Margaret Borman, appeared at trial. Counsel for Bushy criticized Erie for not having an insurance executive at the defendants' table in lieu of Borman. He said he had never seen such "subtle, hidden deception of any defendant." Although not objected to by the defendant, and not preserved as reversible error on appeal,[1] this improper remark heightened the effect of subsequent remarks implying the insurance company was acting in bad faith in this litigation, without any basis or grounds for such a view point.
During his closing argument counsel for Bushy said, "I want you to send a message to Erie, Pennsylvania, that you can't defend a case by coming down here and just subtly hinting that we don't owe it and it must have been something else. Send a message to those people and let them know that they are going to have to pay a penalty."
Counsel for Erie moved for a mistrial. The trial judge denied the motion after the jury retired, and he made no clarifying admonition or warning that punitive damages were not appropriate in this case. We distinguish this case from Murray-Ohio Manufacturing Company v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980), because in Murray no contemporaneous motion or objection was made to the remarks, and therefore the question of their prejudicial and inflammatory nature was not preserved for appeal.
We are reluctant to reverse any case because of improper jury arguments. Pitts v. State, 307 So.2d 473 (Fla. 1st DCA 1975). However, whether made by defense or plaintiff's counsel, if they are highly improper and patently prejudicial, we have no alternative. Martin v. State Farm Mutual Automobile Insurance Company, 392 So.2d 11 (Fla. 5th DCA 1980); Eastern S.S. Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA 1980). We cannot tell in this case whether part of the damages award was "punitive," and the product of counsel's wrongful request for punitive damages in a case where there was no basis for them. See Pierce v. Smith, 301 So.2d 805 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 193 (1975). Further, counsel for Bushy has offered us no basis or explanation for his *230 remarks, and we conclude he agrees they were unjustifiable.
We reject appellant's second point on appeal that it is entitled to a "set-off" of $5,000.00 because the appellee failed to carry no fault insurance, and therefore was a self-insurer under Florida Statutes, section 627.733(1). Holding an owner of an uninsured motor vehicle liable as a self-insurer for damages suffered from an insured driver would avoid the express insuring contract provisions in Erie's liability policy. It should make no difference to Erie under its liability policy whether the injured person has or does not have insurance. Ward v. Nationwide Mutual Fire Insurance Company, 364 So.2d 73 (Fla. 2d DCA 1978).
REVERSED and REMANDED FOR NEW TRIAL.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Page v. Cory Corporation, 347 So.2d 817 (Fla. 3d DCA 1977); Sears, Roebuck & Company v. McAfoos, 303 So.2d 336 (Fla. 3d DCA 1974).