473 So.2d 220 (1985)
AMICA MUTUAL INSURANCE COMPANY, Appellant,
v.
Marie F. Gifford, Etc., et al., Appellees.
No. 84-185.
District Court of Appeal of Florida, Fifth District.
June 20, 1985.
Rehearing Denied August 1, 1985.
Lora A. Dunlap of Fisher, Rushmer, Werrenrath, Keiner, Wack and Dickson, P.A., Orlando, for appellant.
Jere E. Lober, Merritt Island, for appellee, Gifford.
Bruce T. McKinley of Stromire, Westman & Antoon, Cocoa, for appellee, Kish, Bethesda Baptist Retirement Home, and Hanover Ins. Co.
ORFINGER, Judge.
This is the second appearance of this case before the court. See Amica Mutual Insurance Company v. Gifford, 434 So.2d 1015 *221 (Fla. 5th DCA 1983) (Amica I). In Amica I, the court held that the subrogation provision in Amica's New York insurance policy was valid, and that Amica could recover P.I.P. benefits paid to Gifford's decedent, to the extent that Gifford recovered them from the tort-feasor. Upon remand, the trial court held that Florida's collateral source rule, section 627.7372, Florida Statutes (1983) would apply, and that Gifford would not be entitled to recover from the alleged tort-feasor the value of any benefits paid to her decedent by any collateral source. A final summary judgment was therefore entered against Amica on the declaratory judgment count, from which Amica appeals.
This case arises out of an automobile accident which occurred in Brevard County, Florida. The driver of one of the vehicles was Frederick Gifford, a resident of the state of New York. Gifford, subsequently died as a result of the injuries he received in the accident, but required extensive medical treatment prior to his death. He made claim against his insurer, Amica Mutual Insurance Company for personal injury protection benefits, and Amica paid out $20,213.35 pursuant to the New York no-fault law for claims arising out of the accident. Subsequently Marie Gifford, individually and as decedent's personal representative, filed a complaint against Ethel P. Kish, the driver of the second vehicle, Bethesda Baptist Retirement Home, the owner of the vehicle, Hanover Insurance Company, which insured the vehicle, and Amica. Count IV of the complaint was directed to Amica, and was an action for declaratory judgment to determine the rights and duties of the plaintiff and defendant Amica under the policy of insurance issued by Amica to Gifford.
In Amica I, we held valid a subrogation provision in decedent's New York insurance policy permitting Amica to recoup from any recovery made by the insured
for the items of damages which Amica has paid under its policy and for which Amica's insured has recovered from a third party ...
434 So.2d at 1019. We left open the applicability of Florida's collateral source rule to the facts of the case because the trial court had not ruled on the issue. The trial court has now held that the collateral source rule does apply, that Gifford will not be permitted to recover from the alleged tort feasors the value of any collateral source benefits, and that Amica will consequently have no right of recovery under its subrogation lien. Amica appeals and we affirm.
In Amica I, we held that the choice of law rule in regard to interpretation of insurance contracts was generally the law of the state where the contract was made, unless public policy requires the assertion of Florida's paramount interest in protecting its citizens from inequitable insurance contracts. See also Andrews v. Continental Insurance Company, 444 So.2d 479 (Fla. 5th DCA), review denied, 451 So.2d 847 (Fla. 1984). In tort actions, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied. State Farm Mutual Automobile Insurance Company v. Olsen, 406 So.2d 1109 (Fla. 1981). This is the "significant relationship" test espoused by the Restatement (Second) of Conflict of Laws, subsections 145-46 (1971).
In applying this test, we see no reason why Florida law does not apply to the tort litigation here. The basic controversy is between Gifford, on the one hand and Kish, Bethesda and Hanover on the other. The only significant relationship in the tort action is with Florida, where the accident occurred. The owner and operator of the vehicle which was involved in the accident with decedent are Florida residents and the motor vehicle was registered in Florida. These parties have a distinct interest in the applicability of Florida law, because it affects the amount of damages for which they may be responsible. Florida consequently has an interest in protecting the *222 rights of its citizens with respect to the damages which may be recovered against them. In this respect, the result is similar to that in Olsen.
Section 627.7372 expresses the policy of this state that an injured person may not recover from the tort-feasor such amounts as the injured party has received from collateral sources, and is constitutional. Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981). See also Amica I. The avowed purpose of the statute is to prevent a double recovery by the injured party. The trial court was correct in holding that Florida law applied.
Because Florida's collateral source rule does not permit the plaintiff to recover from the defendants the value of the benefits paid to decedent by Amica, Amica in turn will have no fund on which its subrogation right will operate. Thus the judgment below is
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.