487 So.2d 1079 (1986)
Clarice STEPHENS, Appellant,
v.
Dorothy E. RENARD, et al., Appellees.
No. 85-260.
District Court of Appeal of Florida, Fifth District.
March 6, 1986.
Rehearing Denied April 7, 1986.
*1080 Scott L. Sterling of Law Offices of J. Russell Hornsby, P.A., Orlando, for appellant.
Sharon Lee Stedman, of Rumberger, Kirk, Caldwell, Cabiniss & Burke, Orlando, for appellee Red's Market, Inc.
DAUKSCH, Judge.
This is an appeal from a judgment in a personal injury case. Appellant presents two issues on appeal. The first involves the trial court having permitted a person to testify as to his opinion as an expert regarding the use of a seat belt. In Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), the court held that evidence that a plaintiff failed to use an available and fully operational seat belt can be used to reduce the damages a negligent defendant would have to pay. Here, the expert testified that it was his opinion based upon the injuries suffered by the plaintiff and other physical evidence that the plaintiff was not wearing a seat belt at the time of the collision. Additionally, this engineer opined that if the plaintiff had been wearing a seat belt her injuries would have been less or nil. We find no error because there was insufficient objection and it does not appear the trial court abused his discretion in permitting the opinion testimony.
The second point is governed by Erie v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981) which held that it is error to reduce a plaintiff's damage award for her failure to obtain the statutorily required personal injury protection. So, we reverse on this point and remand for entry of a corrected judgment in accordance with this decision.
AFFIRMED in part; REVERSED in part; REMANDED.
UPCHURCH, and COWART, JJ., concur.