PER CURIAM.
This is an appeal by a personal injury protection [PIP] insured from an adverse declaratory decree which rejected the insured’s claim that Section 627.739(1), Florida Statutes (1983), was unconstitutional because it allegedly denied the insured his right of access to the courts, Art. I, § 21, Fla. Const., by barring any tort remedy against the tortfeasor for a PIP deductible without providing a reasonable alternative. This statute provides as follows:
“The named insured may elect a deductible to apply to the named insured alone or to the named insured and dependent relatives residing in the same household, but may not elect a deductible to apply to any other person covered under the policy. Any person electing a deductible or modified coverage, or subject to such deductible or modified coverage as a result of the named insured’s election, shall have no right to claim or to recover any amount so deducted from any owner, registrant, operator, or occupant of a vehicle or any person or organization legally responsible for any such person’s acts or omissions who is made exempt from tort liability by ss. 627.730-627.7405.”
§ 627.739(1), Fla.Stat. (1983) (emphasis added). Specifically, it is urged that the statute does not, as it should, provide that the insured have other insurance which would cover the PIP deductible amount as a precondition to obtaining PIP with a deductible. We disagree and affirm based on the following briefly stated legal analysis.
First, we conclude that the insured has standing to raise this constitutional claim, but such claim can only be urged in a suit against the tortfeasor — and not, as here, in an action against the PIP insurer. This is so because if the constitutional claim is ultimately upheld, only the statutory provision eliminating the tort remedy against the tortfeasor for the PIP deductible would be struck down as a denial of the insured’s right of access to the courts— and not, as urged, the statutory provisions creating the PIP deductible itself. In that event, the PIP insured’s only remedy would be to collect the PIP deductible against the tortfeasor — and not, as urged, against the PIP insurer because the PIP deductible provisions in the statute would still be viable. Plainly, then, the insured’s constitutional claim could only be raised in a suit against the tortfeasor in which the insured’s tort remedy could be restored — and not, as here, in a suit against the PIP insurer in which there would be no entitlement to have the PIP deductible provisions of the statute declared invalid. Compare Kluger v. White, 281 So.2d 1 (Fla.1973).
Second, the statutory provision eliminating the tort remedy against the tort-feasor for the PIP deductible is constitutional in any event. This is so because a reasonable alternative is provided therefor by the entire automobile no-fault scheme, namely, prompt payment for a reasonable portion of the damages sustained by the injured party. The PIP deductibles have a ceiling of $2,000; the insured pays less of a premium for the required PIP coverage; and the insured is substantially, although not totally, compensated by PIP for the damages he sustains. Chapman v. Dillon, *323 415 So.2d 12 (Fla.1982); Lasky v. State Farm Ins. Co., 296 So.2d 9. (Fla.1974); Kluger v. White.
The final declaratory decree is therefore, in all respects,
Affirmed.