620 So.2d 987 (1993)
Michael MANSFIELD and Mary Gross Mansfield, Petitioners, Cross-Respondents.
v.
Rosa RIVERO and Frederico Rivero, Respondents, Cross-Petitioners.
No. 78856.
Supreme Court of Florida.
June 3, 1993.
Rehearing Denied June 3, 1993.
Opinion of February 4, 1993 Revised.
Steven R. Simon of Rosner & Simon, and Jeanne Heyward, Miami, for petitioners, cross-respondents.
Gary E. Garbis of Gary B. Garbis, P.A., Miami, for respondents, cross-petitioners.
The Motion for Rehearing filed by Respondents, Cross-Petitioners, having been considered in light of the revised opinion, is hereby denied.

REVISED OPINION
OVERTON, Justice.
We have for review Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), in which the Third District Court of Appeal held that an injured party's recovery for unpaid medical bills for a non-permanent injury should not be reduced by the amount of benefits recoverable under the injured party's personal injury protection policy, rejecting the contention that the exemption contained in section 627.737, Florida Statutes (1983), required the reduction. We find conflict with Iowa National Mutual Insurance Co. v. Worthy, 447 So.2d 998 (Fla. 5th DCA 1984), and Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974).[1] We quash the district court's decision, finding that its holding would effectively repeal the exemption contained in section 627.737, which is a fundamental *988 part of the Florida Motor Vehicle No-Fault Law.
The following are the pertinent portions of the No-Fault Law applicable to the issues in this case:
627.737 Tort exemption; limitation on right to damages; punitive damages. 
(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in s. 627.736(1) are payable for such injury, or would be payable but for any exclusion authorized by ss. 627.730-627.7405, under any insurance policy or other method of security complying with the requirements of s. 627.733, or by an owner personally liable under s. 627.733 for the payment of such benefits, unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2).
(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
§ 627.737(1)-(2), Fla. Stat. (1983) (emphasis added).
In Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974), this Court upheld the no-fault statutory scheme that allows each driver to collect his or her non-permanent personal injury and economic loss from the driver's own insurance carrier, with each being exempt from tort liability for those types of damages.
In this case, the record reflects that the Riveros and the Mansfields were involved in an automobile accident in which Rosa Rivero allegedly sustained permanent physical injuries that left her in constant pain and deeply depressed. While the Mansfields admitted liability, they denied that Rosa Rivero suffered permanent physical injuries and the trial proceeded on the issue of whether Rosa Rivero crossed the permanent injury threshold requirement of section 627.737(2), Florida Statutes (1983). In the course of the trial, the parties stipulated that the amount of medical expenses was $3,405.30. The jury, by a special verdict, found: (1) that Rosa Rivero had not sustained a permanent injury, within reasonable medical probability, as a result of the accident; (2) that the reasonable and necessary unpaid medical expenses incurred by Rosa Rivero as a direct result of the accident were $3,405.30; and (3) that the reasonable and necessary lost wages incurred by Rosa Rivero as a direct and proximate result of the accident were none. The Mansfields then filed a motion for the reduction of the medical bills, asserting that they had complied with the security requirements of the no-fault law; that it was undisputed that the plaintiff had a PIP insurance policy, in accordance with the statute; and that the $3,405.30 of unpaid medical expenses were payable and should be reduced by 80%. The trial court granted the motion and awarded Rivero $681.06, or the 20% of the unpaid medical expenses not covered by her PIP insurance policy.
On appeal, the Third District Court of Appeal reversed, finding that the trial *989 court erroneously reduced the judgment by the amount of the PIP coverage. The district court rejected the argument that Rivero must seek coverage from her PIP carrier, finding:
Nothing in the law "prevents injured persons from waiving their rights to receive insurance benefits and suing the tortfeasor for the full amount of their damages." Purdy v. Gulf Breeze Ent., Inc., 403 So.2d 1325, 1329 (Fla. 1981); Blue Cross & Blue Shield of Fla. v. Matthews, 498 So.2d 421, 422 (Fla. 1986). The record establishes that the Riveros' insurance carrier has refused to provide them any benefits; no rule requires them to recover from the carrier.
Rivero, 584 So.2d at 1014. We disagree because we find that the district court failed to apply the clear exemption contained in section 627.737(1). The record reflects that both the Mansfields and the Riveros had PIP coverage as required by the statute. Because the jury found that no permanent injury existed, the Mansfields were exempted from tort liability by the express provisions of section 627.737(1) to the extent of the personal injury protection benefits. Nothing in the record establishes that the Riveros did not have PIP coverage. In fact, the Riveros did not contest the Mansfields' assertion that the Riveros had PIP coverage. We find that the trial court correctly found that Rosa Rivero was entitled to recover only 20% of the damages not payable under her PIP coverage.
To accept the district court's holding in this case would, in effect, nullify a fundamental part of the no-fault law. As noted, the no-fault statutory scheme sets up a means by which an injured party recovers most of his or her out-of-pocket expenses from his or her own insurer, where the injury fails to reach the permanent injury threshold found in section 627.737(2). The district court's holding that would allow an injured person to waive his or her rights to receive insurance benefits and sue the tortfeasor would effectively nullify and repeal the personal injury protection benefit scheme set forth in the no-fault law by the legislature. We reject the district court's holding that Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981), and Blue Cross & Blue Shield v. Matthews, 498 So.2d 421 (Fla. 1986), control and allow a plaintiff to proceed in this manner.
The statement in Purdy that there was nothing in the law that prevents injured persons from waiving their rights to receive insurance benefits and suing the tortfeasor for the full amount of the damages was dicta and written in the context of discussing the constitutionality of the collateral source rule. It was not written with any consideration of the mutual exemption provisions of section 627.737. In fact, that decision upheld the deduction of PIP benefits.
We also reject the argument that our decision in Blue Cross & Blue Shield v. Matthews, 498 So.2d 421 (Fla. 1986), supports the district court's holding. In Matthews, we clearly distinguished motor vehicle no-fault insurance from health insurance, stating:
The statute in question is contained in the Florida Motor Vehicle No-Fault Law, section 627.730, which establishes the no-fault concept between motor vehicle insurers. This is equitable and beneficial to such insurers because each insurer receives both benefits and detriments; in other words, losing the right to sue other motor vehicle insurers is washed out by gaining the right not to be sued by other such insurers. This equitable arrangement breaks down, however, if the other insurer is a health insurer. The arrangement becomes a one-way transaction with the health insurers always transferring money to the vehicle insurers. The motor vehicle insurance industry would benefit from transferring part of its claims cost to the health insurance industry which might, conceivably, result in lower vehicle insurance rates. However concerned it was with high motor vehicle insurance rates, we do not believe the legislature intended to disguise the costs of such insurance by transferring part of the burden to the health insurance industry and its customers.
*990 498 So.2d at 423 (emphasis added). The district courts have applied this exemption, as illustrated by the Fifth District Court of Appeal's decision in Iowa National Mutual Insurance Co. v. Worthy, 447 So.2d 998, 1001 (Fla. 5th DCA 1984), in which that court said that section 627.737(1) exempts "a tortfeasor from tort liability for damages because of bodily injury caused by a motor vehicle only `to the extent that benefits described in section 627.736(1) are payable for such injury, or would be payable but for any [authorized] exclusion.'" That court, as well as the Fourth District Court of Appeal, has also held that, although the exemption applies where there is coverage, the tortfeasor is liable only for medical expenses not payable under the PIP coverage. Bennett v. Florida Farm Bureau Cas. Ins. Co., 477 So.2d 608 (Fla. 5th DCA 1985); McClellan v. Industrial Fire & Cas. Ins. Co., 475 So.2d 1015 (Fla. 4th DCA 1985); Worthy.
Accordingly, because the record reflects that both the Mansfields and the Riveros had PIP coverage as required by the statute, and because the jury found that no permanent injury existed, the Mansfields were exempted from tort liability by the express provisions of section 627.737(1) to the extent that PIP benefits would be payable under the Riveros' PIP policy.[2]
We find the Riveros' cross-petition on the appropriateness of the jury instruction to be without merit and approve the decision of the district court on this issue. For the reasons expressed, we quash the decision of the district court of appeal on the PIP exemption issue and remand this cause with directions that the trial court's judgment be affirmed.
It is so ordered.
McDONALD, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, C.J. and SHAW, J., concur.
KOGAN, Justice, dissenting.
I respectfully disagree with the decision of the majority and would instead adopt the soundly reasoned opinion of the Third District Court of Appeal below.
I disagree that the language set forth in Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325 (Fla. 1981), is mere dicta. Indeed this Court stated in Blue Cross and Blue Shield of Florida Inc. v. Matthews, 498 So.2d 421 (Fla. 1986), that:

Purdy was based on the proposition that the statute merely prevented plaintiffs from recovering money belonging to their insurers and that plaintiffs could waive their rights to receive collateral source benefits from insurers and sue the tortfeasor for the full amount of their damages.

Id. at 422 (emphasis added). It is clear that this Court did not consider the language at issue mere dicta when it wrote Purdy or decided Matthews. Additionally, the district courts of appeal have understood that this language was substantive and not mere dicta. See Connecticut General Life Insurance v. Dyess, 569 So.2d 1293 (Fla. 5th DCA 1990), review denied, 581 So.2d 1307 (Fla. 1991).
The majority's further attempt to distinguish Purdy by stating that it related only to a discussion of the collateral source rule, contained in section 627.7372, is equally unpersuasive. This is so because it is clear that the PIP coverage encompassed by section 627.736, and at issue in the instant case, is one of the enumerated collateral sources encompassed by the rule. Purdy; Amica Mutual Insurance Co. v. Gifford, 473 So.2d 220 (Fla. 5th DCA 1985).
The majority's attempt to distinguish Matthews is equally unavailing and without justification. The Third District Court of *991 Appeal simply cited Matthews to demonstrate that this Court was committed to the rule, announced in Purdy, that a victim of a vehicular tort could waive his or her right to receive benefits from collateral sources and sue the tortfeasor for all of the resulting damages incurred by the tort victim. Furthermore, the majority's focus on the facts of Matthews is unwarranted. While it is true that Matthews distinguished no-fault insurance from health insurance, it did so from the standpoint of the insurer. In the instant case we are concerned with the rights of the tort victim to sue the tortfeasor for the full amount of the resulting damages, not with the existence of a right to subrogation or the insurer's right to pursue the same.
For the reasons stated above I find Purdy and Matthews controlling and would affirm the analysis and decision below.
BARKETT, C.J., and SHAW, J., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] In accordance with sections 627.737(1) and 627.736(1), the Riveros should recover 80% of all their reasonable medical expenses from their own PIP carrier. Consequently, under this statutory scheme, the Mansfields are obligated to pay the remaining 20% of these expenses. This calculation should not be confused with the optional deductible provided for under section 627.739, which allows an insured to elect a $250, $500, $1,000, or $2,000 deductible from the benefits the insured is entitled to receive from the insured's PIP carrier.