DELL, Chief Judge.
Appellant contends the trial court erred when it failed to set off the amount of appel-lee’s Personal Injury Protection (PIP) deductible from a jury verdict. We agree and accordingly reverse.
Section 627.739, Florida Statutes, provides in pertinent part:
(1) The named insured may elect a deductible to apply to the named insured alone or to the named insured and dependent relatives residing in the same household, but may not elect a deductible to apply to any other person covered under the policy. Any person electing a deductible or modified coverage, or subject to such deductible or modified coverage as a result of the named insured’s election, shall have no right to claim or to recover any amount so deducted from any owner, registrant, operator, or occupant of a vehicle or any person or organization legally responsible for any such person’s acts or omissions who is made exempt from tort liability by ss. 627.730-627.7405.
The supreme court in Mansfield v. Rivero, 620 So.2d 987 (Fla.1993), quashed the Third District Court of Appeal’s holding that injured persons can waive their rights to receive insurance benefits from their PIP carriers and opt to sue the tortfeasor for the full amount of their damages. The supreme court stated:
To accept the district court’s holding in this case would, in effect, nullify a fundamental part of the no-fault law. As noted, the no-fault statutory scheme sets up a means by which an injured party recovers most of his or her out-of-pocket expenses from his or her own insurer, where the injury fails to reach the permanent injury *242 threshold found in section 627.737(2). The district court’s holding that would allow an injured person to waive his or her rights to receive insurance benefits and sue the tort-feasor would effectively nullify and repeal the personal injury protection benefit scheme set forth in the no-fault law by the legislature.
Id. at 989. Hence, the court held that the judgment against the tortfeasors should be reduced by the amount of the PIP coverage provided in section 627.736(1), Florida Statutes.
Appellee argues that Mansfield does not require a setoff of the parties’ PIP deductible from the jury verdict, principally relying upon the supreme court’s following comment:
In accordance with sections 627.737(1) and 627.736(1), the Riveros should recover 80% of all their reasonable medical expenses from their own PIP carrier. Consequently, under this statutory scheme, the Mansfields are obligated to pay the remaining 20% of these expenses. This calculation should not be confused with the optional deductible provided for under section 627.739, which allows an insured to elect a $250, $500, $1,000 or $2,000 deductible from the benefits the insured is entitled to receive from the insured’s PIP carrier.
Id. at 990 n. 2. We disagree with appellee’s interpretation of Mansfield and hold that the plain language of section 627.739(1) mandates that a trial court, in addition to reducing the verdict by the amount of benefits paid by the PIP carrier, must also set off the amount of the injured’s party’s elected PIP deductible from the verdict against the tortfeasor. However, because of the comment in footnote two of the Mansfield opinion, we certify as a question of great public importance the following:
DOES SECTION 627.739(1), FLORIDA STATUTES, MANDATE THAT A TRIAL COURT SET OFF THE AMOUNT OF THE INJURED PARTY’S ELECTED PIP DEDUCTIBLE AND THE AMOUNT OF BENEFITS PAID BY THE PIP CARRIER FROM A VERDICT AGAINST A TORTFEASOR?
Accordingly, we reverse the trial court’s order granting a remittitur of the jury verdict in the amount of $4,274.22. On remand we direct the trial court to reduce the verdict by an additional sum of $2,000 representing appellee’s PIP deductible and to thereupon enter judgment for appellee in the amount of $1,146.22, exclusive of costs awarded below.
REVERSED and REMANDED.
POLEN and STEVENSON, JJ., concur.