675 So.2d 112 (1996)
Jeffrey L. HANNAH, Petitioner,
v.
Veronica NEWKIRK, Respondent.
No. 85946.
Supreme Court of Florida.
June 6, 1996.
W. George Allen and Virginia D. Stow of the Law Offices of W. George Allen, Fort Lauderdale, for Petitioner.
James T. Sparkman and John W. Reis of Sparkman, Robb, Nelson & Mason, Miami, for Respondent.
HARDING, Justice.
We have for review Newkirk v. Hannah, 655 So.2d 241 (Fla. 4th DCA 1995), in which the Fourth District Court of Appeal certified the following question as being one of great public importance:
DOES SECTION 627.739(1), FLORIDA STATUTES, MANDATE THAT A TRIAL COURT SET OFF THE AMOUNT OF THE INJURED PARTY'S ELECTED PIP DEDUCTIBLE AND THE AMOUNT OF BENEFITS PAID BY *113 THE PIP CARRIER FROM A VERDICT AGAINST A TORTFEASOR?
Id. at 242. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution and answer the question in the affirmative.
Jeffrey L. Hannah and Veronica Newkirk were involved in an automobile accident on January 11, 1991. Thereafter, Hannah filed a complaint for damages against Newkirk based on her negligence. Prior to trial, on January 27, 1993, Newkirk filed an offer of judgment in the amount of $2401 which Hannah rejected. The case went to trial.
Hannah did not prove a permanent injury, but received a jury verdict in his favor for $7,420.50, which represented medical expenses and lost wages. At the hearing on Newkirk's post-trial motion for remittitur, both parties agreed to reduce the jury verdict by $4,274.22, the amount paid by Hannah's personal injury protection (PIP) carrier. A judgment was entered against Newkirk in the amount of $3,146.28.
Newkirk appealed to the Fourth District Court of Appeal claiming that the trial court erred in failing to set off the amount of Hannah's PIP deductible from the jury verdict pursuant to section 627.739(1), Florida Statutes (1989).[1] The district court reversed the trial court's ruling and held that the plain language of section 627.739(1) mandates that a trial court, in addition to reducing the verdict by the amount of benefits paid by the PIP carrier, set off the amount of the injured party's elected PIP deductible from the verdict against the tortfeasor. Newkirk, 655 So.2d at 242. However, in light of a footnote in this Court's opinion in Mansfield v. Rivero, 620 So.2d 987, 990 n. 2 (Fla.1993),[2] the district court certified the above question as one of great public importance. Newkirk, 655 So.2d at 242.
Hannah argues that the legislative purpose behind section 627.739(1) is to ensure complete insurance coverage for injuries, not to deprive a successful plaintiff of damages awarded by a jury. Citing the Mansfield footnote, Hannah argues that section 627.739(1) does not require a set-off of a PIP deductible from a jury verdict. Hannah further states that holding otherwise would essentially deem the injured party self-insured for the amount of his deductible.
Newkirk, on the other hand, contends that the plain meaning of section 627.739(1) necessarily mandates that a plaintiff's PIP deductible be subtracted from a jury award. She suggests that such a set-off is consistent with the legislative intent of the no-fault scheme, which is to prevent the duplication of benefits for a successful plaintiff. See Fortune Ins. Co. v. Sims, 464 So.2d 251, 254 (Fla. 4th DCA 1985). She further notes that in electing a deductible an insured party pays a lower insurance premium and becomes a self-insurer as to that deductible.
We agree with both the district court and Newkirk that section 627.739(1) precludes a successful plaintiff from recovering the PIP deductible from a tortfeasor. This Court has consistently held that unambiguous statutory language must be accorded its plain meaning. *114 See Carson v. Miller, 370 So.2d 10, 11 (Fla. 1979). Section 627.739(1) provides that "[a]ny person electing a deductible or modified coverage ... shall have no right to claim or to recover any amount so deducted from ... any person or organization legally responsible for any such person's acts or omissions who is made exempt from tort liability by ss. 627.730-627.7405." (Emphasis added). It follows that where a plaintiff has elected a PIP deductible, it must be subtracted from the jury verdict against a tortfeasor. See generally Verdecia v. American Risk Assurance Co., 543 So.2d 321 (Fla. 3d DCA) (holding that section 627.739(1), the statutory provision which eliminates the tort remedy against the tortfeasor for the PIP deductible, is constitutional), review denied, 551 So.2d 464 (Fla.1989).
The purpose of the PIP deductible is to prevent car owners with other insurance coverage from paying premiums for duplicative coverage. Chapman v. Dillon, 415 So.2d 12, 18 (Fla.1982). In electing a PIP deductible, an insured pays a lower premium for PIP coverage, and yet will still be substantially compensated by PIP for any damages sustained. Verdecia, 543 So.2d at 322. Electing a PIP deductible is optional and therefore it is presumed that the purchasers of PIP do so with knowledge of the consequences, including possibly incomplete coverage. Chapman, 415 So.2d at 18.
We find Hannah's reliance on the Mansfield footnote to be misplaced for several reasons. First, our opinion quashed the district court's decision, which included the same interpretation of section 627.739(1) that Hannah asserts here, namely that the statute does not require that a tortfeasor's obligation to pay damages be reduced by the amount of the victim's PIP deductible. See Rivero v. Mansfield, 584 So.2d 1012, 1014 (Fla. 3d DCA 1991), quashed, 620 So.2d 987 (Fla. 1993). Second, section 627.739(1) was not the basis for our decision in Mansfield, but was cited in the footnote in order to distinguish it from the calculations made in accordance with sections 627.736(1) and section 627.737(1).
Thus, we answer the certified question in the affirmative and hold that section 627.739(1) requires that the amount awarded to a plaintiff be reduced by the plaintiff's elected PIP deductible.
Newkirk has also filed a motion for reasonable costs and attorney's fees pursuant to section 768.79, Florida Statutes (1991),[3] because her offer of $2401 is at least twenty-five percent greater than the judgment of $1,146.28.[4] Section 768.79 creates a right to reasonable costs and attorney's fees when two prerequisites have been fulfilled: (1) a party has served a demand or offer for judgment; and (2) that party has recovered a judgment at least twenty-five percent more or less than the demand or offer. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995). In light of our decision here, Hannah will recover a judgment that is over fifty percent less than Newkirk's offer for judgment. Thus, both prerequisites have been met and Newkirk is entitled to reasonable costs and attorney's fees pursuant to section 768.79. See id. at 611-613. On remand, the court should determine the amount of reasonable costs and attorney's fees in accordance with section 768.79.
Accordingly, we answer the certified question in the affirmative, approve the decision below, and remand for proceedings consistent with this opinion.
It is so ordered.
*115 KOGAN, C.J., and OVERTON, SHAW and ANSTEAD, JJ., concur.
GRIMES, J., concurs with an opinion.
WELLS, J., concurs in part and dissents in part with an opinion.
GRIMES, Justice, concurring.
I agree with Justice Wells that it makes more sense to permit the judge to consider the factors in section 768.79(7)(b), Florida Statutes (1991), in determining whether to award a fee rather than in determining the amount of the fee. Unfortunately, the wording of the statute does not permit this interpretation.
WELLS, Justice, concurring in part and dissenting in part.
I concur with the answer to the certified question and approve the decision of the district court. I do not agree, however, with the majority's decision that Newkirk is entitled to attorney fees pursuant to section 768.79, Florida Statutes (1991).
I continue to adhere to the view that the legislature never intended section 768.79 to be a mandatory attorney-fee provision. Rather, discretion should remain with the trial court to determine in each case whether attorney fees are reasonable using the criteria enumerated in section 768.79(7)(b). See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 614 (Fla.1995) (Wells, J., concurring in part and dissenting in part). To continue to interpret the statute in the way the majority does violates the statute's directive.
Further, as demonstrated by the facts of this case, the majority's interpretation of section 768.79 impinges on the constitutional guarantee of access to courts. See Art. I, § 21, Fla. Const. By holding that attorney fees are mandated when the twenty-five percent threshold of the section is met and taking away from the court the discretion to award such fees, the majority has placed persons like Hannah in the difficult position of either not pursuing a legal question certified by the district court as being of great public importance or pursuing it upon the gamble that his small judgment will be eviscerated because the question is answered adversely to his position. The facts of the situation at bar make it even more clear to me why the statute should be read as giving the court discretion to award fees by considering the factors delineated in section 768.79(7)(b), which fit this situation perfectly: the closeness of the questions of fact and law at issue and whether the suit was in the nature of the test case presenting questions of far-reaching importance affecting nonparties. See § 768.79(7)(b)(3), (5). Considering these factors, no fees should be awarded.
Even accepting the statute as a mandatory attorney-fee provision, Newkirk is not entitled to such fees here. This statute, which authorizes an award of attorney fees, must be strictly construed. See Dvorak, 663 So.2d at 615 (Wells, J., concurring in part and dissenting in part). Contrary to the majority opinion in this case and the referenced statements from Dvorak, the statute has three and not two prerequisites. Not only does the party have to serve a demand or offer of judgment and have to recover a judgment at least twenty-five percent more or less than the demand or offer, but section 768.79(6) requires the party to make a motion within thirty days after entry of judgment or after voluntary or involuntary dismissal. A plain reading of the statute does not provide for attorney fees on appeal, and the Court should not write such a provision into the statute.
NOTES
[1] Section 627.739(1), Florida Statutes (1989), provides:

The named insured may elect a deductible to apply to the named insured alone or to the named insured and dependent relatives residing in the same household, but may not elect a deductible to apply to any other person covered under the policy. Any person electing a deductible or modified coverage, or subject to such deductible or modified coverage as a result of the named insured's election, shall have no right to claim or to recover any amount so deducted from any owner, registrant, operator, or occupant of a vehicle or any person or organization legally responsible for any such person's acts or omissions who is made exempt from tort liability by ss. 627.730-627.7405.
[2] In Mansfield v. Rivero, 620 So.2d 987 (Fla. 1993), we held that section 627.737 of the Florida Motor Vehicle No-Fault Law requires that an injured party's recovery for unpaid medical bills for a non-permanent injury be reduced by the amount of benefits recoverable under the injured party's PIP policy. In a footnote, we calculated the percent that would be recovered from the injured party's own PIP carrier and the percent that the tortfeasor was obligated to pay, in accordance with sections 627.737(1) and 627.736(1), Florida Statutes (1983). The footnote also provided that "[t]his calculation should not be confused with the optional deductible provided for under section 627.739." Id. at 990 n. 2.
[3] Section 768.79(1), Florida Statutes (1991), provides in pertinent part:

In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him or on his behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
[4] The trial court entered judgment against Newkirk for the amount of $3,146.28 (jury verdict minus the total PIP pay out). When Hannah's PIP deductible of $2000 is subtracted from this amount, the final judgment is $1,146.28.