GRIFFIN, Judge.
This appeal raises questions concerning the amounts which should be set off from a judgment against a defendant when the plaintiff carries personal injury protection [“PIP”] insurance. Mary Enriquez, the defendant in the automobile negligence case below, appeals the trial court’s refusal to set off two portions of a judgment in favor of appellee, Nicole Clark. Athough Clark appears to concede both points, we find error only in the failure of the lower court to set off PIP amounts payable in the future for future medical expenses.
Clark brought a negligence action against Enriquez after their automobiles collided. It appears each possessed PIP coverage with their respective insurers and that Clark had elected a deductible of $2000. The issues were tried and a jury returned a verdict in favor of Clark, finding Enriquez to have been 85 percent negligent and Clark to have been 15 percent negligent. The jury specifically found that Clark had sustained a permanent injury and completed the damages portions of the verdict form as follows:
Past medical expenses: $4,740
Past lost wages: 800
Present value of future medical expenses: . 1,000
Future lost wages: 0
Past pain, suffering, etc. 500
Future pain, suffering, etc. 0
Total: $7,040
Motions from each party followed. Clark filed a motion for additur or, in the alternative, new trial, and Enriquez filed a motion for set-offs and entry of final judgment. In her motion, Enriquez sought to set off the $2000 deductible Clark elected to carry with her PIP policy, as well as the award of future medical expenses to the extent they would be payable by Clark’s PIP carrier. Aso raised in Enriquez’s motion was whether the comparative negligence deduction should be made before or after allowing the PIP set-offs. After a hearing, the court denied Clark’s additur/new trial motion and Enri-quez’s motion for set-offs. The court apparently did allow Enriquez to set off damages for which Clark had been compensated by her PIP carrier as well as a percentage for the comparative negligence finding, and judgment was entered in favor of Clark in the amount of $3,712.80.
*943 Enriquez correctly contends that the lower court erred in failing to set off the jury’s award of $1,000 in future medical expenses on the ground that those expenses would be covered by Clark’s PIP policy. Acknowledging this court’s recent decision in Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996), Clark has confessed to error. See § 627.737(1), Fla. Stat. (1995).
The second issue on appeal is whether the trial court erred in failing to reduce the judgment against Enriquez by $2000, the amount of Clark’s PIP deductible. Enriquez relies on Hannah v. Newkirk, 675 So.2d 112 (Fla.1996), but, unlike the defendant in Hannah, who was charged with but found not to have caused permanent injuries, Enriquez may not avail herself of subsection 627.737(l)’s exemption. The exemption applies only when the damages caused by a tortfeasor do not exceed the no-fault threshold of subsection 627.737(2). § 627.737(1); see Mansfield v. Rivero, 620 So.2d 987, 989 (Fla. 1993). In a special interrogatory, the jury in this case found that Clark sustained a permanent injury in her accident with Enriquez. She is therefore entitled to bring an action for pain and suffering under 627.737(2), and Enriquez is accordingly not exempted from tort liability by subsection 627.737(1), nor is she entitled to set off the amount of Clark’s PIP deductible. § 627.739(1).
AFFIRMED in part; REVERSED in part, and remanded.
COBB and ANTOON, JJ., concur.