707 So.2d 1141 (1998)
Leo A. HOLT, Appellant,
v.
Phylesia KING, Appellee.
No. 97-0209.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
*1142 Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Adolfo Podrecca of Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Fort Lauderdale, for appellant.
Robert C. Rogers, Jr., of the Law Offices of Lawrence J. Bohannon, P.A., Fort Lauderdale, for appellee.
SHAHOOD, Judge.
The sole question presented by this appeal is whether an insured tortfeasor, appellant in this case, is entitled to a set-off for Personal Injury Protection (PIP) when the claimant is uninsured in contravention of Florida's no-fault laws. The trial court disallowed appellant a PIP set-off. We reverse and remand.
Appellee, Phylesia King, sued appellant, Leo A. Holt, for personal injury and damages resulting from an automobile accident. The complaint also named Midland Risk Insurance Company, appellee's own insurance company, alleging that Midland "wrongfully refused and continues to refuse to pay for Plaintiff's covered losses"; however, the trial court granted Midland's Motion for Final Summary Judgment, concluding that appellee's policy had been cancelled three days prior to her accident due to her failure to pay her insurance premium.[1]
Prior to trial, appellee filed a motion in limine to strike appellant's affirmative defense that he was entitled to a set-off for Personal Injury Protection payable to appellee. The motion in limine pointed out that the trial court had granted Midland's motion for final summary judgment, finding "conclusively that the Plaintiff did not have any personal injury protection benefits at the time of the accident." Appellee's motion in limine contained the following conclusory language:
That since the Plaintiff did not have any valid personal injury protection benefits available to her, then pursuant to Ward v. Nationwide, 364 So.2d 73 (Fla. 2d DCA, 1978), Stevens [sic] v. Renard, 487 So.2d 1079 (Fla. 5th DCA, 1986) and Erie Insurance Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA, 1981), there would be no set-off.
The trial court reluctantly granted appellee's motion, stating:
Granted. As the court is bound by Ward v. Nationwide, 364 So.2d 73 (Fla. 2nd DCA 1978); Stevens [sic] v. Renard, 487 So.2d 1079 (Fla. 5th DCA 1986); Erie v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981) and no 4th DCA opinion.

(emphasis added).
Following jury selection, but prior to opening statements, appellant admitted negligence and causation. However, the trial proceeded for the purpose of determining damages. Among the disputed damage issues was whether appellee had suffered a permanent injury so as to entitle her to damages for pain and suffering. Following the testimony of several doctors, the jury determined that appellee was entitled to $8,407.00 for past medical expenses and lost earnings, but that she had not suffered any permanent injury. The trial court then entered final judgment in favor of appellee for $8,407.00.
Appellant filed a post-trial motion, requesting yet again a PIP set-off of 80%, which would result in a damage award of $1,681.40. Appellant took the position that appellee, being uninsured at the time of the accident, was considered to be self-insured under Florida law for the purpose of PIP coverage and was, therefore, responsible for the statutory minimum of 80% of her own medical expenses. The trial court, however, ultimately denied appellant's requested set-off. This appeal followed.
*1143 Florida Statutes section 627.733, entitled Required Security, requires all motor vehicle owners to maintain "no-fault" automobile insurance covering, among other items, 80% of the insured's own medical expenses. See §§ 627.733(1), (3)(a), 627.736(1)(a), Fla. Stat. (1995).
Every vehicle owner who procures the mandatory no-fault coverage is afforded a limited exemption from tort liability:
Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405 ... is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in s. 627.736(1) are payable for such injury, or would be payable but for any exclusion authorized by ss. 627.730-627.7405, under any insurance policy or other method of security complying with the requirements of s. 627.733, or by an owner personally liable under s. 627.733 for the payment of such benefits, unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2).
§ 627.737(1), Fla. Stat. (1995).
As this provision provides, the tort exemption is effective as to non-permanent injuries to the extent that PIP benefits are payable for such injuries or would be payable by a vehicle owner personally liable for the payment of such benefits under section 627.733. A vehicle owner is personally liable for PIP benefits under section 627.733 when he or she fails to obtain the mandatory coverage:
An owner of a motor vehicle with respect to which security is required by this section who fails to have such security in effect at the time of an accident shall have no immunity from tort liability, but shall be personally liable for the payment of benefits under s. 627.736. With respect to such benefits, such an owner shall have all of the rights and obligations of an insurer under ss. 627.730-627.7405.
§ 627.733(4), Fla. Stat. (1995).
Under the plain language of these statutory provisions, we conclude that appellee, as an uninsured driver, was self-insured to the extent of 80% of her own medical expenses; thus, appellant, an insured tortfeasor, was entitled to an exemption from tort liability to that same extent.
We find that the cases relied upon by appellee are either distinguishable or have been superseded by subsequent Supreme Court authority. The case of Ward v. Nationwide Mutual Fire Insurance Co., 364 So.2d 73 (Fla. 2d DCA 1978), relied upon by appellee and the trial court, did not involve a tortfeasor's right to a set-off pursuant to the statutory tort exemption, but, rather, involved the question of whether public policy relieves an insurer of his contractually-undertaken duty to a claimant when the claimant has failed to comply with the no-fault laws. In Ward, as in this case, the injured claimant did not have the mandatory automobile insurance on her own vehicle. However, she was injured while occupying another person's vehicle, which was insured. Under the vehicle owner's insurance policy, the claimant was entitled to PIP coverage. In holding in favor of the claimant, the Second District applied the general principle of Florida law that a party is not relieved of its contractually-undertaken responsibilities simply because the other party has violated the law in some way. Id. at 78.
Like Ward, the case of Erie Insurance Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981) involved an insurer's claim that the injured plaintiff's failure to obtain the mandatory no-fault insurance coverage excused the insurance company from its contractually-undertaken duty to provide coverage. Relying on the contract-based rationale of Ward, the Fifth District held:
We reject appellant's second point on appeal that it is entitled to a "set-off" of $5,000.00 because the appellee failed to carry no fault insurance, and therefore was a self-insurer under Florida Statutes, section 627.733(1). Holding an owner of an uninsured motor vehicle liable as a self-insurer for damages suffered from an insured *1144 driver would avoid the express insuring contract provisions in Erie's liability policy. It should make no difference to Erie under its liability policy whether the injured person has or does not have insurance. Ward v. Nationwide Mutual Fire Insurance Company, 364 So.2d 73 (Fla. 2d DCA 1978).
394 So.2d at 230 (emphasis added).
We are of the opinion that the contract-based rationale of Ward and Erie does not apply in this case because appellant in this case undertook no contractual duty to insure appellee. However, the final case relied on by appellee, Stephens v. Renard, 487 So.2d 1079 (Fla. 5th DCA 1986), like the instant case, involved a tortfeasor's right to a set-off against an uninsured plaintiff. Relying on Erie, Stephens held that it was error to reduce a damage award based on the claimant's failure to obtain the statutorily required personal injury protection.
Since the decisions in Ward, Erie, and Stephens, the Florida Supreme Court has addressed similar issues in the cases of Mansfield v. Rivero, 620 So.2d 987 (Fla. 1993), and Hannah v. Newkirk, 675 So.2d 112 (Fla.1996). In Mansfield, the injured plaintiff had the necessary insurance coverage but apparently waived her right to receive her PIP insurance proceeds, choosing instead to collect from the tortfeasor. However, the Supreme Court held that the tortfeasor was entitled to a set-off:

To accept the district court's holding in this case [that the tortfeasor was not entitled to a set-off] would, in effect, nullify a fundamental part of the no-fault law. As noted, the no-fault statutory scheme sets up a means by which an injured party recovers most of his or her out-of-pocket expenses from his or her own insurer, where the injury fails to reach the permanent injury threshold found in section 627.737(2). The district court's holding that would allow an injured person to waive his or her rights to receive insurance benefits and sue the tortfeasor would effectively nullify and repeal the personal injury protection benefit scheme set forth in the no-fault law by the legislature.

Id. at 989 (emphasis added).
The case of Hannah v. Newkirk, 675 So.2d 112 (Fla.1996), further supports appellant's entitlement to a set-off in this case. In Hannah, the Supreme Court held that a PIP set-off properly includes not only the amount of PIP insurance proceeds received, but also the amount of any deductible elected by the plaintiff. The court reasoned that, "in electing a deductible an insured party pays a lower insurance premium and becomes a self-insurer as to that deductible." Id. at 113. Taking Hannah to a logical and reasonable conclusion, when a party chooses to entirely forgo PIP insurance coverage, she becomes self-insured as to the entirety of the mandatory coverage.
We conceptually agree with the more recent Florida Supreme Court cases of Mansfield and Hannah, and hold that an insured tortfeasor is entitled to a PIP set-off against a claimant who is uninsured in contravention of the no-fault laws. Accordingly, we reverse the trial court's refusal to afford appellant a PIP set-off and remand for further proceedings. To the extent that this opinion conflicts with the Fifth District case of Stephens v. Renard, and because the following question is one of great public importance, we certify the following to the Supreme Court of Florida:
IS AN INSURED TORTFEASOR ENTITLED TO A PERSONAL INJURY PROTECTION (PIP) SET-OFF WHEN THE CLAIMANT HAS FAILED TO OBTAIN THE MANDATORY NO-FAULT INSURANCE COVERAGE?
REVERSED AND REMANDED.
POLEN and GROSS, JJ., concur.
NOTES
[1] Appellee purchased an automobile insurance policy from Midland on May 13, 1994, three months prior to the accident. The policy provided that it would pay 80% of appellee's medical expenses arising from bodily injury up to $10,000, with a $2,000 deductible. Midland soon realized, however, that it had miscalculated appellee's premium. It then sent appellee numerous notices informing her that her failure to pay an additional premium of $466 by July 8, 1994 would result in the termination of her policy. Appellee claims she paid the money to her insurance agent, but the agent misappropriated it, for which she has a separate claim pending against the agent. Midland did not receive this sum, and consequently cancelled appellee's policy on August 10, 1994. Hence, appellee was uninsured on August 13, 1994, the date of the accident.