THOMPSON, C.J.
Allstate Insurance Company (Allstate) appeals the trial court’s orders denying Allstate’s motion for new trial and motion for remittitur, and the trial court’s final judgment entered in favor of Allen Buzdigian after jury trial. We affirm. See Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998).
We write to address the issue raised by Allstate concerning remarks made by Buz-digian’s counsel during closing argument in this motorcycle vs. auto, uninsured/un-derinsured insurance benefits case.[1] Although this court strongly admonishes counsel to avoid ‘send a message’ arguments like the one made here, we note that the trial court immediately put a stop to the improper remarks and advised the jury to disregard the remarks. Cf. Erie Ins. Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981). Although Buzdigian’s counsel continued making his improper argument after he had been instructed to stop, he was further upbraided by the trial court for that second remark, to which Buzdigi-an’s counsel could only utter, “I’m sorry.” The effect of these exchanges was to demonstrate to the jury that Buzdigian’s counsel had erred such that the trial court was forced to not once, but twice, chastise him for his improper conduct.[2] We think the trial court handled the situation properly.
AFFIRMED.
PLEUS and PALMER, JJ„ concur.

. The exchange in question which gives rise to this point on appeal reads:
MR. HORROX: Now, you know, if these insurance policies are going to mean anything to Allstate, seems to me it's all got to start today with your jury verdict. Without that, Allstate's going to continue to have the attitude—
THE COURT: Whoa.
MR. EBBETS: Punitive argument.
THE COURT: Don't go there. It’s an improper argument. The jury is to disregard it.
MR. HORROX: It's all going to start with your verdict.
THE COURT: Wait. I just got finished saying that’s an improper argument.
MR. HORROX: I'm sorry. Now, I’ve read through the medical—
MR. EBBETS: I want to preserve a motion.
THE COURT: You may. Time is up.

. Because the jury verdict was not against the manifest weight of the evidence, the trial court did not abuse its discretion in denying the motion for remittitur. See Fravel v. Haughey, 727 So.2d 1033, 1038 (Fla. 5th DCA 1999). Unlike the case in Fravel, where there was no reasonable relationship between the verdict and the damages, here the jury awarded an amount that was logical it they concluded that the motorcycle accident was but one contributing or exacerbating cause of Buzdi-gian’s medical condition.