894 So.2d 268 (2004)
Daniel CASES, Appellant,
v.
Richard A. GRAY, Appellee.
No. 3D03-1587.
District Court of Appeal of Florida, Third District.
June 23, 2004.
Rehearing Denied September 22, 2004.
Kubicki Draper and Sharon C. Degnan and Caryn L. Bellus, Miami, for appellant.
Parks Camp and Daryl D. Parks (Tallahassee), for appellee.
Before SCHWARTZ, C.J., and SHEVIN, J., and DAUKSCH, JAMES C., Jr., Senior Judge.
SCHWARTZ, Chief Judge.
The issue before the court is precisely the one involved in Holt v. King, 707 So.2d 1141, 1142 (Fla. 4th DCA 1998):
"[W]hether an insured tortfeasor, appellant in this case, is entitled to a set-off for Personal Injury Protection (PIP) when the claimant is uninsured in contravention of Florida's no-fault laws."
The trial court in this case disallowed the appellant a PIP setoff. As in Holt, we disagree. On the authority of, and for the reasons well expressed in Holt, we hold that a PIP setoff is required and therefore reverse the judgment below for further consistent proceedings. Conflict is certified with Stephens v. Renard, 487 So.2d 1079 (Fla. 5th DCA 1986), review denied, 494 So.2d 1152 (Fla.1986) and Jedlicka v. Proctor, 724 So.2d 668 (Fla. 2d DCA 1999).
Reversed and remanded.